



FOLIO
1941772

# Estados Unidos Mexicanos

# Acta de Nacimiento

**Identificador Electrónico**
28022000120230003708

Clave Única de Registro de Población
**ROMO800522HTSDZM04**

Número de Certificado de Nacimiento
---

Entidad de Registro
**TAMAULIPAS**

Municipio de Registro
MATAMOROS

| Oficialía | Fecha de Registro | Libro | Número de Acta |
|---|---|---|---|
| 0001 | 25/05/1981 | 8 | 1554 |

## Datos de la Persona Registrada

| OMAR | RODRIGUEZ | MEZA |
|---|---|---|
| Nombre(s): | Primer Apellido: | Segundo Apellido: |

| HOMBRE | 22/05/1980 | MATAMOROS TAMAULIPAS |
|---|---|---|
| Sexo: | Fecha de Nacimiento: | Lugar de Nacimiento: |

## Datos de Filiación de la Persona Registrada

| GREGORIO | RODRIGUEZ | | MEXICANA | |
|---|---|---|---|---|
| Nombre(s): | Primer Apellido: | Segundo Apellido: | Nacionalidad: | CURP: |

| SILVIA | MEZA | CH. | MEXICANA | |
|---|---|---|---|---|
| Nombre(s): | Primer Apellido: | Segundo Apellido: | Nacionalidad: | CURP: |

### Anotaciones Marginales:

Sin anotaciones marginales.

### Certificación:

Se extiende la presente copia certificada, con fundamento en el artículo 42 del Código Civil del Estado de Tamaulipas y el artículo 9 fracción V de la Ley Reglamentaria de las Oficinas del Registro Civil del Estado de Tamaulipas. La Firma Electrónica con la que cuenta es vigente a la fecha de expedición, tiene validez jurídica y probatoria de acuerdo a las disposiciones legales en la materia.

A LOS 11 DÍAS DEL MES DE FEBRERO DE 2023, DOY FE.

Firma Electrónica:

Uk 9N Tz gw MD Uy Mk hU U0 Ra TT A0 fE 9N QV J8 Uk 9E Uk IH VU Va fE
1F Wk F8 MT I4 MD iV MD Aw MT E5 OD Ew MT U1 ND B8 TX wy MI 8w NS
8X OT gw fF RB TU FV TE IQ QV N8 R1 JF R0 8S SU 8g Uk 9E Uk IH VU Va

Código QR



Código de Verificación
1280220001198101554 0

COORDINADOR GENERAL DEL REGISTRO CIVIL DE LA SECRETARIA
**C. MAURO FRANCISCO SANDOVAL CONTRERAS**

La presente copia certificada es un extracto de los datos que se encuentra en los archivos del Registro Civil correspondiente, la cual se ha expedido con base en las disposiciones jurídicas aplicables, cuyos datos pueden ser verificados en la página https://cevar.registrocivil.gob.mx/eVAR/ConsultaFolio.jsp, capturando el Identificador Electrónico que se encuentra en la parte superior derecha del acta, para su consulta en dispositivos móviles, descarga una aplicación para lectura del código QR.

# SUMMARY TRANSLATION OF A BIRTH CERTIFICATE

1. Name: OMAR (First)    (Middle)    RODRIGUEZ MEZA (Last)

2. Sex: ■ Male    □ Female

3. Place of Birth: MATAMOROS (City/Town)    TAMAULIPAS (State/Province)    MEXICO (Country)

4. Date of Birth: MAY (Month)    22 (Day)    1980 (Year)

5. Father's Name: GREGORIO (First)    (Middle)    RODRIGUEZ (Last)

6. Mother's Name: SILVIA (First)    (Middle)    MEZA CH. (Last)

7. Date Issued: MAY (Month)    25 (Day)    1981 (Year)

8. Place Issued: MATAMOROS (City/Town)    TAMAULIPAS (State/Province)    MEXICO (Country)

9. Certificate No.: ROMO800522HTSDZM04

10. Important Notes:

---

I, Alberta Born-Weiss, hereby certify that the above is an accurate summary translation of the original birth certificate in Spanish. I am competent in both English and Spanish to render such translation.

Date: April (Month) 3rd (Day) 2023 (Year) _____ (Signature)

---

Sworn and subscribed before me this 3rd day of April, 2023, in Mecklenburg County. Witness my hand and official seal.

Notary Public

My Commission Expires 6/6/2027

*[Notary seal: YOLANDA JUAREZ RODRIGUEZ NOTARY PUBLIC]*

# B

THE UNITED STATES OF AMERICA

# CERTIFICATE OF NATURALIZATION

No. 45125249

Personal description of holder
as of date of naturalization:

Date of birth: MAY 22, 1980

Sex: MALE

Height: 5 feet 07 inches

Marital status: MARRIED

Country of former nationality:
MEXICO

USCIS Registration No. A062 946 204

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

_____
(Complete and true signature of holder)

Be it known that, pursuant to an application filed with the Secretary of Homeland Security,

at: CHARLOTTE, NORTH CAROLINA

The Secretary having found that,

OMAR RODRIGUEZ MEZA

residing at:

GASTONIA, NORTH CAROLINA

having complied in all respects with all of the applicable naturalization laws of the United States, being entitled to a citizen of the United States, and having taken the oath of ceremony conducted by

U.S. CITIZENSHIP AND IMMIGRATION

at: CHARLOTTE, NORTH CAROLINA

such person is admitted as a citizen of the United States of America

_____
U.S. Citizen

ALTERATION OR MISUSE OF THIS DOCUMENT IS
A FEDERAL OFFENSE AND PUNISHABLE BY LAW

DEPARTMENT OF HOMELAND







**DRIVER LICENSE**



4d DLN **000032879513**  3 DOB **05/22/1980**
4b EXP **05/22/2032**

1 **RODRIGUEZ MEZA**
2 **OMAR**
8 **4196 GARDNER RIDGE DR**
**APT F**
**GASTONIA, NC 28056-9498**

9 CLASS **C**   9a END **NONE**
12 RESTR **NONE**
15 SEX **M**   18 EYES **BRO**
16 HGT **5'-07"**  19 HAIR **BRO**  RACE

4a ISS **02/12/2024**
5 DD **0037168048**   **05/22/80**





STATE OF NORTH CAROLINA

COUNTY OF GASTON

OMAR RODRIGUEZ MEZA,

      Plaintiff/Husband,

v.

CHRISTY MARIE RODRIGUEZ,

      Defendant/Wife.

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
18 CVD 1370

GASTON COUNTY
FILED
JUL. 5 2018
AT 10:10 O'CLOCK
CLERK OF SUPERIOR COURT

FOR ABSOLUTE DIVORCE

THIS CAUSE coming to be heard and being heard before the undersigned District Court Judge, on this the _____5th_____ day of ___July___, 2018, upon Plaintiff's Complaint for Absolute Divorce and Motion for Summary Judgment, and it appearing that all parties have been properly noticed of the scheduled hearing, the Court does hereby enter the following FINDINGS OF FACT:

1. Plaintiff is a resident of Gaston County, North Carolina, and has so resided for more than six (6) months preceding the filing of this action.

2. Defendant is a resident of Gaston County, North Carolina.

3. Plaintiff and Defendant were married on September 14, 2009, in Cameron County, Texas.

4. Plaintiff and Defendant were separated on or about January 16, 2017. At the time of the separation, it was the intent of at least one of the parties to end their marital cohabitation.

5. Since January 16, 2017, the parties have lived continuously separate and apart from the other and at no time have they resumed the marital relationship that formerly existed between them.

6. There are no minor children born of the marriage.

7. Upon personal knowledge, Plaintiff states that Defendant is not a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard.

Based upon the foregoing, the Court does enter the following CONCLUSIONS OF LAW:

1. The Court has proper jurisdiction over the parties and subject matter of this action.

2. The Plaintiff is entitled to an Absolute Divorce from Defendant, pursuant to N.C. Gen. Stat. § 50-6.

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff is granted an Absolute Divorce from the Defendant, and the marriage existing between the parties is dissolved.

This the __5ᵗʰ__ day of __July__, 2018.

District Court Judge Presiding

A TRUE COPY
CLERK OF SUPERIOR COURT
GASTON COUNTY .

BY





**FOLIO**
**A28 3987367**

**Identificador Electrónico**
3016100012022018902

Clave Única de Registro de Población
**CUSJ790308MVZRNN01**

Número de Certificado de Nacimiento
—

Entidad de Registro
**VERACRUZ**

Municipio de Registro
**TEMPOAL**

# Estados Unidos Mexicanos

# Acta de Nacimiento

| Oficialía | Fecha de Registro | Libro | Número de Acta |
|---|---|---|---|
| 0001 | 01/08/1979 | 1 | 936 |

## Datos de la Persona Registrada

| JUANA | CRUZ | SANTIAGO |
|---|---|---|
| Nombre(s): | Primer Apellido: | Segundo Apellido: |

| MUJER | 08/03/1979 | TEMPOAL VERACRUZ |
|---|---|---|
| Sexo: | Fecha de Nacimiento: | Lugar de Nacimiento: |

## Datos de Filiación de la Persona Registrada

| LUIS | CRUZ | GALLEGOS | MEXICANA | |
|---|---|---|---|---|
| Nombre(s): | Primer Apellido: | Segundo Apellido: | Nacionalidad: | CURP: |

| EVANGELINA | SANTIAGO | MARTINEZ | MEXICANA | |
|---|---|---|---|---|
| Nombre(s): | Primer Apellido: | Segundo Apellido: | Nacionalidad: | CURP: |

## Anotaciones Marginales:

Sin anotaciones marginales.

## Certificación

Se extiende la presente copia certificada; con fundamento en los artículos 670 y 680 del Código Civil del Estado de Veracruz y el artículo 35 fracción IX del Reglamento Interior de la Secretaría de Gobierno del Estado de Veracruz. La Firma Electrónica con la que cuenta es vigente a la fecha de expedición; tiene validez jurídica y probatoria de acuerdo a las disposiciones legales en la materia.

A LOS 04 DÍAS DEL MES DE AGOSTO DE 2022 DOY FE.

### Firma Electrónica:

Q1 VT SJ c5 MD Mw OE 1W WI JO TJ Ax fE pV QU 5B fE NS VV p8 U0 FO VE
IB R0 98 MT Mw MT Yx MD Aw MT E5 Nz kw MD kz NJ B8 Rn ww OC 8w My
8x OT c5 fF ZF Uk FD UI Va fE xV SV Mg Q1 JV WI BH QU xM RU dP U3 xF

Código QR

Código de Verificación
13016100011979009360

Encargado de Despacho de la Dirección General del Registro Civil
**MTRO. CARLOS CORDOVA VEGA**

acta es un extracto del acta que se encuentra en los archivos del Registro Civil correspondiente, la cual se ha expedido con base en las disposiciones jurídicas aplicables, cuyos datos pueden ser verificados en la página https://covar.registrocivil.gob.mx/oVAR/ConsultaFolio.jsp capturando el Identificador Electrónico que se encuentra en la parte superior

# SUMMARY TRANSLATION OF A BIRTH CERTIFICATE

1. Name:  JUANA | (First) | (Middle) | CRUZ SANTIAGO (Last)

2. Sex:  ☐ Male   ☒ Female

3. Place of Birth:  TEMPOAL (City/Town) | VERACRUZ (State/Province) | MEXICO (Country)

4. Date of Birth:  MARCH (Month) | 08 (Day) | 1979 (Year)

5. Father's Name:  LUIS (First) | (Middle) | CRUZ GALLEGOS (Last)

6. Mother's Name:  EVANGELINA (First) | (Middle) | SANTIAGO MARTINEZ (Last)

7. Date Issued:  AUGUST (Month) | 01 (Day) | 1979 (Year)

8. Place Issued:  TEMPOAL (City/Town) | VERACRUZ (State/Province) | MEXICO (Country)

9. Certificate No.:  CUSJ790308MVZRNN01

10. Important Notes:

I, Alberta Born-Weiss, hereby certify that the above is an accurate summary translation of the original birth certificate in Spanish. I am competent in both English and Spanish to render such translation.

Date: April 3rd 2023
(Month) (Day) (Year)

_____ (Signature)

Sworn and subscribed before me this 3rd day of April, 2023, in Mecklenburg County. Witness my hand and official seal.

Notary Public

My Commission Expires 6/6/2027





# CONSTANCIA DE INEXISTENCIA

EL C. LIC. OMAR HABIB MASSO QUINTANA
OFICIAL 1° DEL REGISTRO CIVIL
CON RESIDENCIA EN H. MATAMOROS, TAMAULIPAS

## HACE CONSTAR

QUE EFECTUADA LA BUSQUEDA DEL REGISTRO DE **MATRIMONIO** EN LOS LIBROS CON LOS QUE CUENTA ESTA OFICIALIA, EN EL MUNICIPIO DE H. MATAMOROS, EN LOS AÑOS: **2015 AL 2025**, A NOMBRE DE: **JUANA CRUZ SANTIAGO** QUE NACIO EL **08/03/1979** EN **VERACRUZ;** HIJO(A) DE LOS CC. **LUIS CRUZ GALLEGOS Y ELOANJELINA SANTIAGO MARTINEZ;** NO SE LOCALIZO REGISTRO DE MATRIMONIO EN MENCION, NO OBSTANTE LO ANTERIOR ESTA OFICIALIA NO SE HACE RESPONSABLE POR LA EXISTENCIA DE ALGUN REGISTRO O ACTA DE MATRIMONIO, EN PERIODO Y/O MUNICIPIO DISTINTOS A LOS SEÑALADOS ANTERIORMENTE O FUERA DEL ESTADO DE TAMAULIPAS.

SE EXPIDE LA PRESENTE CONSTANCIA A PETICIÓN DE LA PARTE INTERESADA, PARA LOS USOS LEGALES CORRESPONDIENTES QUE A LA MISMA CONVENGAN, CON FUNDAMENTO EN LOS ARTÍCULOS 32, 42 Y 43 DEL CÓDIGO CIVIL DEL ESTADO DE TAMAULIPAS, EN LA CIUDAD DE H. MATAMOROS, TAMAULIPAS, A LOS 14 DÍAS DEL MES DE **NOVIEMBRE DEL 2025**.

**LIC. OMAR HABIB MASSO QUINTANA**
OFICIAL PRIMERO DEL REGISTRO CIVIL

*Primera Oficialía de Registro Civil de Matamoros*
*Santos Degollado y Panamá #91*
*Colonia: Modelo. C. P. 87360*
*Teléfono: (868) 813 52 74*
*H. Matamoros, Tamaulipas*

# CERTIFICATE OF NON-EXISTENCE

### MR. **OMAR HABIB MASSO QUINTANA**
FIRST OFFICER OF THE CIVIL REGISTRY
RESIDENT IN H. MATAMOROS, TAMAULIPAS

## CERTIFIES

THAT UPON CONDUCTING A SEARCH IN THE **MARRIAGE REGISTRY BOOKS** HELD BY THIS OFFICE, IN THE MUNICIPALITY OF H. MATAMOROS, COVERING THE YEARS **2015 TO 2025**, IN THE NAME OF: **JUANA CRUZ SANTIAGO**, BORN ON **03/08/1979** IN VERACRUZ, DAUGHTER OF **LUIS CRUZ GALLEGOS** AND **ELOANJELINA SANTIAGO MARTÍNEZ**, NO MARRIAGE RECORD WAS FOUND. NOTWITHSTANDING THE ABOVE, THIS OFFICE IS **NOT RESPONSIBLE** FOR THE EXISTENCE OF ANY MARRIAGE RECORD OR CERTIFICATE FROM A **DIFFERENT PERIOD AND/OR MUNICIPALITY** THAN THOSE MENTIONED ABOVE, WHETHER PREVIOUSLY OR OUTSIDE THE STATE OF TAMAULIPAS.

THIS CERTIFICATE IS ISSUED AT THE REQUEST OF THE INTERESTED PARTY, FOR WHATEVER LEGAL PURPOSES IT MAY SERVE, PURSUANT TO ARTICLES 32, 42, AND 43 OF THE CIVIL CODE OF THE STATE OF TAMAULIPAS, IN THE CITY OF H. MATAMOROS, TAMAULIPAS, ON THE **14TH** DAY OF **NOVEMBER 2025**.

(Signature)
**LIC. OMAR HABIB MASSO QUINTANA**
FIRST OFFICER OF THE CIVIL REGISTRY

First Civil Registry Office of Matamoros
Santos Degollado and Panama #91
Colonia: Modelo. Postal Code: 87360
Telephone: (868) 813-5274
H. Matamoros, Tamaulipas

---

### Translation Certification

I, Bruna Adams, hereby certify that the above is a complete and accurate translation of the original document in Spanish. I am competent in both English and Spanish to render such translation.

Date: _____ 11 _____ 19 _____ 2025 _____          _Bruna Adams_ _____

(Month)      (Day)      (Year)                          (Signature)





# MARRIAGE CERTIFICATE

STATE OF NORTH CAROLINA

COUNTY OF GASTON

OFFICE OF REGISTER OF DEEDS

I, Susan S. Lockridge, Register of Deeds of Gaston County, North Carolina, hereby certify that I have this day issued a license, according to the laws of this state, for the marriage of

OMAR RODRIGUEZ MEZA to JUANA CRUZ SANTIAGO

and authorize the same to be celebrated. Issued on the 27TH day of SEPTEMBER, 20 22

by: _Susan S. Lockridge, Register of Deeds_

I, Joseph Addis a ordained minister

further certify that I celebrated said marriage at

in Gaston County, North Carolina on the 27th day of September, 20 22.

Witnesses Present at Marriage

Officiant Signature

This is a keepsake only, not a Marriage License

Case 3:26-cv-00575-MOC-DCK Document 1-1 Filed 07/13/26 Page 20 of 85

CERTIFICATION OF VITAL RECORD

# GASTON COUNTY
## OFFICE OF REGISTER OF DEEDS

### APPLICATION, LICENSE AND CERTIFICATE OF MARRIAGE

STATE OF NORTH CAROLINA
DEPARTMENT OF HEALTH AND HUMAN SERVICES - N.C. VITAL RECORDS

**2022-00001052**
LICENSE NUMBER

Gaston
COUNTY

**APPLICANT 1**

| 1a. NAME FIRST | MIDDLE | LAST | 1b. LAST NAME PRIOR TO FIRST MARRIAGE (if any) |
|---|---|---|---|
| OMAR | | RODRIGUEZ MEZA | |

| 1c. GENDER | 1d. RESIDENCE-STATE | 2a. COUNTY | 2b. CITY, TOWN, OR LOCATION | 2c. INSIDE CITY LIMIT (Specify Yes or No) |
|---|---|---|---|---|
| M | NORTH CAROLINA | Gaston | Gastonia | Yes |

| 2d. STREET AND NUMBER | 3. BIRTHPLACE (COUNTY & STATE) | 4a. DATE OF BIRTH (Month, Day, Year) | 4b. AGE |
|---|---|---|---|
| 4198 Gardner Ridge Dr Apt F | Mexico | 6/22/1980 | 42 |

| 5a. PARENT'S NAME AT PARENT'S BIRTH | 5b. STATE OF BIRTH | 5c. ADDRESS (if Living) |
|---|---|---|
| Gregorio Rodriguez Solorzano | Mexico | Mexico |

| 6a. PARENT'S NAME AT PARENT'S BIRTH | 6b. STATE OF BIRTH | 6c. ADDRESS (if Living) |
|---|---|---|
| Silvia Meza Chagoya | Mexico | Mexico |

| 7. PLACE (Optional) | 8. NUMBER OF THIS MARRIAGE - FIRST, SECOND, ETC. (Specify) | IF PREVIOUSLY MARRIED | | 9. EDUCATION - SPECIFY HIGHEST GRADE COMPLETED | | |
|---|---|---|---|---|---|---|
| | | 9a. LAST MARRIAGE ENDED BY: Death, Divorce, or Annulment (Specify) | 9b. DATE MONTH YEAR | ELEMENTARY (0,1,2,3,4,...OR 8) | HIGH SCHOOL (1,2,3, OR 4) | COLLEGE (1,2,3,4, OR 5) |
| | SECOND | Divorce | 7 2018 | | | |

**APPLICANT 2**

| 10. NAME FIRST | MIDDLE | LAST | 11a. LAST NAME PRIOR TO FIRST MARRIAGE (if any) |
|---|---|---|---|
| JUANA | | CRUZ SANTIAGO | |

| 11b. GENDER | 12a. RESIDENCE-STATE | 12b. COUNTY | 12c. CITY, TOWN, OR LOCATION | 12d. INSIDE CITY LIMIT (Specify Yes or No) |
|---|---|---|---|---|
| F | NORTH CAROLINA | Gaston | Gastonia | Yes |

| 12e. STREET AND NUMBER | 13. BIRTHPLACE (COUNTY & STATE) | 14a. DATE OF BIRTH (Month, Day, Year) | 14b. AGE |
|---|---|---|---|
| 4198 Gardner Ridge Dr Apt F | Mexico | 3/8/1979 | 43 |

| 15a. PARENT'S NAME AT PARENT'S BIRTH | 15b. STATE OF BIRTH | 15c. ADDRESS (if Living) |
|---|---|---|
| Luis Cruz Gallegos | Mexico | Mexico |

| 16a. PARENT'S NAME AT PARENT'S BIRTH | 16b. STATE OF BIRTH | 16c. ADDRESS (if Living) |
|---|---|---|
| Evangelina Santiago Martinez | Mexico | Mexico |

| 17. PLACE (Optional) | 18. NUMBER OF THIS MARRIAGE - FIRST, SECOND, ETC. (Specify) | IF PREVIOUSLY MARRIED | | 20. EDUCATION- SPECIFY HIGHEST GRADE COMPLETED | | |
|---|---|---|---|---|---|---|
| | | 19a. LAST MARRIAGE ENDED BY: Death, Divorce, or Annulment (Specify) | 19b. DATE MONTH YEAR | ELEMENTARY (0,1,2,3,4,...OR 8) | HIGH SCHOOL (1,2,3, OR 4) | COLLEGE (1,2,3,4, OR 5) |
| | FIRST | | | | | |

WE HEREBY MAKE APPLICATION TO THE REGISTER OF DEEDS FOR A MARRIAGE LICENSE AND SOLEMNLY SWEAR THAT ALL OF THE STATEMENTS CONTAINED IN THE ABOVE APPLICATION ARE TRUE. WE FURTHER MAKE OATH THAT THERE IS NO LEGAL IMPEDIMENT TO SUCH MARRIAGE.

SIGNATURE OF APPLICANT 1 *Omar Rodriguez Meza*

SIGNATURE OF APPLICANT 2 *Juana Cruz Santiago*

Doc ID - 021477660001

To any ordained minister of any religious denomination, minister authorized by a church, federally or state recognized Indian nation or tribe, magistrate, or any other person authorized to solemnize a marriage under the laws of this State, you are hereby authorized, at any time within 60 days from the date hereof, to celebrate the proposed marriage at any place within this State. The minister or other person celebrating this marriage is required within 10 days to return this license to the Register of Deeds who issued the license. Failure to do so subjects person celebrating marriage to a forfeiture of $200.00 to anyone who sues for the same.

SWORN TO AND SUBSCRIBED BEFORE ME THIS
**September 27, 2022**

*Susan S. Lockridge*
REGISTER OF DEEDS

DEPUTY / ASSISTANT

| 21a. I CERTIFY THAT THE ABOVE NAMED PERSONS WERE MARRIED ON | MONTH 9 | DAY 27 | YEAR 2022 | 21b. PLACE OF MARRIAGE - COUNTY Gaston |
|---|---|---|---|---|

| 21c. SIGNATURE OF OFFICIANT | 21d TITLE |
|---|---|
| | Minister Joe Addis |

| OFFICIATE OF OFFICIANT (PRINT/TYPE) | 21f. ADDRESS |
|---|---|
| Joseph Addis | 618 E. Trade St. Dallas N.C. 28034 |

| 22a. SIGNATURE OF WITNESS | 23a. SIGNATURE OF WITNESS |
|---|---|
| James | |

| 22b. NAME OF WITNESS (PRINT/TYPE) | 23b. NAME OF WITNESS (PRINT/TYPE) |
|---|---|
| James Denson | Bonnie Addis |

| 22c. ADDRESS OF WITNESS | 23c. ADDRESS OF WITNESS |
|---|---|
| 221 Queens Rd, Gastonia, NC, 28052 | 131 lamkin Ct Bessemer City NC 28016 |

DATE RETURNED TO REGISTER OF DEEDS **Sept. 28th 2022** RECEIVED BY *Stephanie H. Clampton, Deputy*
DHHS 2132
N.C. VITAL RECORDS (Revised 11/2016)

### REGISTER OF DEEDS COPY

Volume **2022** Page **1058**

This is to certify that this is a true and correct reproduction or abstract of the official record filed in this office.

**153024**

Susan S. Lockridge
Register of Deeds
Gaston County

Witness my hand and official seal
this the **28** day of **Sept.** 20 **22** By: *Stephanie H. Clampton* Deputy Register of Deeds

DHHS 1945 (REVISED 11/2016)
Any alteration or erasure voids this certificate. Do not accept unless on security paper with Register of Deeds seal clearly embossed in red.





# THE UNITED STATES OF AMERICA

## I-797 | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | | Case Type |
|---|---|---|
| IOE0921874759 | | I130 - PETITION FOR ALIEN RELATIVE |
| Received Date 08/14/2023 | Priority Date 08/14/2023 | Petitioner A062 946 204 RODRIGUEZ MEZA, OMAR |
| Notice Date 12/05/2024 | Page 1 of 1 | Beneficiary A233 327 710 CRUZ SANTIAGO, JUANA |

RODRIGUEZ MEZA, OMAR
c/o BALLARD, IAN TERRELL
SUSSMAN LAW FIRM PLLC B
9916 MONROE RD
CHARLOTTE NC 28270

**Notice Type:** Approval Notice
Section: Husband or wife of U.S Citizen, 201(b) INA

The above petition has been approved. As the petitioner requests, we have sent the petition to the U.S. Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909. The NVC processes all approved immigrant visa petitions that need consular action, including the collection of necessary forms and documents. It also determines which consular post is appropriate to complete visa processing. The NVC will then transfer the approved petition to the consular post once processing has been completed and an interview has been scheduled at the Embassy or Consulate.

The NVC will contact the beneficiary of this petition with further information about immigrant visa processing steps.

You should allow a minimum of 45 days for U.S. Department of State processing before contacting the NVC. If you have not received any correspondence from NVC within 45 days, you may contact the NVC at https://nvc.state.gov/inquiry.

For more information about NVC processing, please visit https://nvc.state.gov.

### THIS NOTICE IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

**NOTICE:** Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

California Service Center
U.S. CITIZENSHIP & IMMIGRATION SVC
PO Box 30113
Tustin CA 92781
USCIS Contact Center: 1-800-375-5283





**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | | NOTICE DATE |
|---|---|---|
| Receipt | | April 10, 2025 |
| **CASE TYPE** | | **USCIS ALIEN NUMBER** |
| I-485, Application to Register Permanent Residence or Adjust Status | | A233327710 |
| **RECEIPT NUMBER** | **RECEIVED DATE** | **PAGE** |
| IOE0931248418 | April 08, 2025 | 1 of 1 |
| **PRIORITY DATE** | **PREFERENCE CLASSIFICATION** | **DATE OF BIRTH** |
| August 14, 2023 | Spouse of a U.S. citizen | March 08, 1979 |

JUANA CRUZ SANTIAGO
C/O IAN T. BALLARD SUSSMAN LAW FIRM PLLC
9916 MONROE RD 24 00007365
CHARLOTTE, NC 28270

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $1,440.00 |
| Total Amount Received: | $1,440.00 |
| Total Balance Due: | $0.00 |

**NAME AND MAILING ADDRESS**

We have received your form and are currently processing the above case. If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**

USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO 64002

**USCIS Contact Center Number:**

(800)375-5283
ATTORNEY COPY



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C    10/13/21





October 31, 2025

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
201 Regency Executive Park Drive
Charlotte, NC 28217



**U.S. Citizenship
and Immigration
Services**

OMAR NMN RODRIGUEZ MEZA
c/o IAN TERRELL BALLARD
9916 MONROE RD
CHARLOTTE, NC 28270



IOE0921874759



RE: JUANA NMN CRUZ SANTIAGO
I-130, Petition for Alien Relative

A233-327-710

## NOTICE OF INTENT TO REVOKE

On August 14, 2023, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of JUANA NMN CRUZ SANTIAGO, the beneficiary. On December 6, 2024 we approved your petition.

You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we intend to revoke the approval of that petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC)

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the Immigration and Nationality Act (INA). See *Matter of Brantigan*, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b)(1). You must demonstrate that the beneficiary can be classified as your spouse. See Title 8, Code of Federal Regulations (8 CFR), section 204.2(a).

USCIS may, at any time, for good and sufficient cause, revoke the approval of any petition under Section 204 of the Immigration and Nationality Act (INA). Such revocation shall be effective as of the date of approval of any such petition. See section 205 of the Immigration and Nationality Act (INA). USCIS may revoke the approval of a petition upon notice to the petitioner on any grounds other than those specified in Title 8, Code of Federal Regulations (8 CFR), section 205.1 when the necessity for the revocation comes to USCIS's attention. See Title 8, Code of Federal Regulations (8 CFR), section 205.2.

### Statement of Facts and Analysis, Including Ground(s) for Revocation

On August 6, 2025, you and the beneficiary appeared for an interview with an Immigration Services Officer (Officer) in connection with your Form I-130 and the beneficiary's Form I-485, Application to Register Residence or Adjust Status. At the interview, you and the beneficiary provided testimony under oath. The record reflects the following:

- On October 29, 2018, the beneficiary filed for a B2 Visitor Visa. On that visa application the beneficiary listed herself as married to Gerardo Del Angel Reyes.
- On November 26, 2018, the beneficiary appeared for an interview with a Consular Officer where she confirmed the marital status.
- On December 30, 2021, the beneficiary entered the United States on a B2 Visitor Visa.
- On September 27, 2022, you and the beneficiary married in Gaston County, North Carolina
- On August 14, 2023, you filed an I-130 Petition for a Spouse of a United States Citizen which USCIS approved on December 5, 2024 without an interview.
- On April 8, 2025, the beneficiary applied for an I-485 Adjustment of Status as the beneficiary of the I-130.
- On August 6, 2025, you and the beneficiary appeared for an interview with an Immigration Services Officer (Officer) where the the beneficiary testified under oath that she has only been married once to you, the petitioner. She had never been married before marrying you. She also testified that when she went for her visa interview she told the Consular Officer that she was single.

On the basis of the new information received by the Service, it is concluded that the petition you filed on behalf of JUANA CRUZ SANTIAGO should not have been approved.

After reviewing the evidence and the testimony provided at the interview our records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason. According to the record the beneficiary stated on her B2 Visitor Visa application that she was married to Gerardo Del Angel Reyes. There is no evidence to show that the marriage between the beneficiary and Gerardo Del Angel Reyes has been dissolved.

The evidence is insufficient to establish that the beneficiary's prior marriage(s) to Gerardo Del Angel Reyes was properly terminated, dissolved, or annulled. As the beneficiary was not legally free to marry, your marriage is invalid and your petition cannot be approved.

The beneficiary must be eligible for the benefit sought at the time the petition was filed. See Matter of Drigo, 18 I&N Dec. 223 (BIA 1982). A petitioner must establish eligibility at the time of filing a petition; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. See Matter of Katigbak, 14 I&N Dec. 45 (Reg. Com. 1971). A petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to USCIS requirements. See Matter of Izumii, 22 I&N Dec. 169 (BIA 1998).

Any pre-existing valid marriage is a bar to recognition of the current marriage on which the spousal petition is based. See Matter of Nwangwu, 16 I&N Dec. 61 (BIA 1976). The evidence in the record does not establish that all of the beneficiary's prior marriages have been terminated, dissolved, or annulled.

In Matter of Ho, ID #3051 (BIA 1988) the Board of Immigration Appeals reaffirmed its decision in Matter of Cheung, 12 I&N Dec. 715 (BIA 1968) that the petitioner bears the burden in visa petition revocation proceedings of establishing that the beneficiary qualifies for the benefit sought under the immigration laws. The Board held further that the approval of a visa petition vests no rights in the beneficiary of the petition but is only a preliminary step in the visa or adjustment of status application



process, and the beneficiary is, not by mere approval of the petition entitled to an immigrant visa or to adjustment of status. *Matter of Ho*, supra. A Notice of Intent to Revoke is properly issued when there is "good and sufficient cause" and the notice includes a specific statement of the supporting evidence. *Matter of Estime*, ID #3029 (BIA 1987).

In *Matter of Obaigbena*, ID #3042 (BIA 1988), the BIA held that if an adverse decision is based upon derogatory evidence of which the petitioner is unaware, then in order to comply with the federal regulations at Title 8, Code of Federal Regulations (8 CFR), section 103.2(b)(2), this Service must advise the petitioner of the derogatory evidence and allow the petitioner a reasonable opportunity to rebut the derogatory evidence. The petitioner must also be allowed a reasonable opportunity to present evidence in his behalf before a decision is rendered.

In *Matter of Soriano*, ID #3081 (BIA 1988), the BIA held that where a visa petition is to be denied based on a deficiency of proof, the petitioner must be advised of the deficiency and given a reasonable opportunity to address it prior to the issuance of a decision denying the visa petition.

In compliance with the holdings in the *Obaigbena* and *Soriano* cases, you have been advised of all derogatory evidence upon which the adverse finding is based. Be advised that you will be allowed thirty (30) days (33 days if this notice was received by mail) from the receipt of this Notice to respond in writing.

You must either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). Please note, if the request is for original documents, you must submit that information by mail. You must submit the requested information by December 1, 2025.

**Please include a copy of this letter with your response by mail to this address:**

**U.S. Citizenship and Immigration Services**
**Charlotte Field Office**
**201 Regency Executive Park Drive**
**Charlotte, NC 28217**

Your response should explain why the approval of the visa petition should not be revoked. Any and all evidence which you deem relevant to the visa petition will be considered. If no response is received within the time allowed, the approval of the visa petition will be revoked.

Sincerely,

Christopher M. Heffron
Field Office Director
Officer: NC1071





Maria Ximena Sussman
Christine L. Camacho
Jennifer Ezeigwe (MA)
Ian T. Ballard (CO)

ESQUIRE

November 26, 2025

USCIS                                                          *VIA USPS*
Charlotte Field Office
201 Regency Executive Park Drive
Charlotte, NC 28217

Re:     Notice of Intent to Revoke

        Petitioner:        Omar Rodriguez Meza, U.S. Citizen
        Beneficiary:       Juana Cruz Santiago, Mexican National
        Approved I-130:    IOE0921874759
        Pending I-485:     IOE0931248418

Dear Immigration Officer:

        This letter is a response to USCIS' October 31, 2025 Notice of Intent to Revoke the above referenced I-130 where Juana Cruz Santiago, a Mexican National, is the Beneficiary. USCIS, in its letter, alleges that Mrs. Cruz was not eligible to marry Mr. Rodriguez when she did so in 2022 owing to a marriage to another man. This conclusion was reached based on statements Mrs. Cruz made in relation to her Vistor Visa application in 2018. In these statements, Mrs. Cruz indicated that she was married. During Mrs. Cruz's recent I-485 interview, the officer noticed this inconsistency, concluded that she was ineligible to marry Mr. Rodriguez, and issued the Notice of Intent to Revoke the underlying I-130.

        Mrs. Cruz acknowledges that she misstated or misrepresented herself in 2018 for the purpose of gaining an immigration benefit. Such a misrepresentation may make Mrs. Cruz ineligible to adjust status. However, she is also eligible to apply for a I-601 Waiver based on the hardship to her U.S. Citizen husband that would result if Mrs. Cruz returned to her home country of Mexico. On November 26, 2005, Mrs. Cruz filed a Form I-601 requesting a waiver for the above misrepresentation. A copy of the waiver and the shipping receipt are enclosed.

        Consistent with her admission of the 2018 misrepresentation, Mrs. Cruz contends that she was, in fact never previously married to Gerardo Del Angel Reyes or any other person. While they lived together, shared a life together, and had children together, they were never legally married. This conclusion is supported by a government certificate from Mexico confirming that there are no marriage records related to Mrs. Cruz. The same was confirmed by Mrs. Cruz in her recent I-485 interview, as well as by her 2022 Marriage Certificate to Mr. Rodriguez, which correctly indicates she had no prior marriages. As reprehensible as Mrs. Cruz's misrepresentation was, the motive for it was clear: she thought being married would increase the chances that her visitor visa would be granted by

9916 Monroe Road          (980) 598-8180          info@sussmanlawfirmpllc.com
Charlotte, NC 28270       (980) 598-8100



Maria Ximena Sussman
Christine L. Camacho
Jennifer Ezeigwe (MA)
Ian T. Ballard (CO)

ESQUIRE

leading the officer to believe she had stronger legal ties to Mexico than she actually had. For this act she may be inadmissible and, therefore, has filed the I-601 to request a hardship waiver.

Conversely, because she was never married to Mr. Del Angel Reyes, she was eligible to marry Mr. Rodriguez when she did so on September 27, 2022. Because the marriage was valid, so was the I-130 Mr. Rodgriguez filed for her on August 14, 2023 and approved December 5, 2024. In light of these facts, there is no basis for revoking the I-130 and Mrs. Cruz's ultimate eligibility for a green card should depend on the outcome of the pending I-601 and an analysis of the applicable hardship factors.

In view of these considerations, Mrs. Cruz requests that the I-130 not be revoked and that USCIS continue processing the pending I-485 (in conjunction with the recently filed I-601).

In addition, please find enclosed the following forms and supporting documents;

1. USCIS' October 31, 2025 Notice of Intent to Revoke;
2. Applicant's Certificate of Non Existence of Prior Marriages, dated 11/14/2025, along with an English translation;
3. A copy of the I-601 that Applicant filed with USCIS on November 26, 2025;
4. The shipping receipt for the I-601, showing an expected delivery date of Friday, November 28, 2025.
5. USCIS Notices for the approved I-130 and the pending I-485;
6. Petitioner and Beneficiary's marriage certificate.

Thank you in advance for your careful consideration of this matter. Should you need additional information of documentation, please contact our office by post, phone, or email. Thanks in advance for your prompt attention to this matter.

Sincerely,

Ian T. Ballard, Esq.

ITB

9916 Monroe Road
Charlotte, NC 28270
(980) 598-8180
(980) 598-8199
info@sussmanlawfirmpllc.com





Maria Ximena Sussman
Christine L. Camacho
Jennifer Ezeigwe (MA)
Ian T. Ballard (CO)

ESQUIRE

November 26, 2025

USCIS
Attn: AOS (Box 805887)
131 S. Dearborn - 3rd Floor
Chicago, IL 60603-5517

*VIA USPS*

Re:     Application for Waiver of Grounds of Inadmissibility

|  |  |
|---|---|
| Form: | I-601 Application for Waiver of Grounds of Inadmissibility |
| Applicant: | Juana Cruz Santiago, Mexican National |
| Pending I-485: | IOE0931248418 |
| Qualifying Relative: | Omar Rodriguez Meza, USC Spouse |

Dear Immigration Officer:

Please find enclosed an I-601 Application for Waiver of Grounds of Inadmissibility filed by Counsel on behalf of Applicant Juana Cruz Santiago, a Mexican National. This I-601 is filed in support of Mrs. Cruz's currently-pending I-485 Application to Adjust Status. Mrs. Cruz may be inadmissible to adjust status because of incorrect statements or misrepresentations made in the context of her 2018 application for a visitor visa and the subsequent visa interview. Mrs. Cruz is requesting the I-601 waiver be approved to avoid the extreme hardship that her U.S. citizen spouse Omar Rodriguez Meza would experience if Applicant were denied permanent residence and forced to return to Mexico.

### Background Facts

Mrs. Cruz is the beneficiary of an approved I-130 filed by Mr. Rodriguez, her U.S. citizen spouse. Mrs. Cruz has also filed an I-485 which is currently pending and regarding which she and her husband recently attended an interview. During the interview, a review of Mrs. Cruz's immigration history revealed that she entered the U.S. most recently in 2021 on a B2 visa which she obtained in 2018. When questioned, Mrs. Cruz told the officer that she incorrectly stated her marital status both in her October 2018 DS-260 Application and in the November 2018 consular visa interview. In both contexts, Mrs. Cruz indicated she was married to Gerardo Del Angel Reyes. Although Mr. Del Angel and Mrs. Cruz had resided together and had children together, they were never, in fact, legally married.

Following the interview, the consular officer, on October 31, 2025, issued a Notice of Intent to Revoke Mrs. Cruz's approved I-130 on the basis that because of the alleged marriage to Mr. Del Angel, she had not proven herself eligible to marry Mr. Rodriguez, a fact which, if true, would invalidate the I-130. While the officer's conclusion was not unreasonable, there are clearly two factual explanations for the above stated evidence. The first explanation is that which the officer

9916 Monroe Road          p (980) 598-8180          info@sussmanlawfirmpllc.com


drew at the interview, namely that Mrs. Cruz was in fact married to Mr. Del Angel and that her marriage to Mr. Rodriguez was, therefore, invalid. However, a second explanation is both equally plausible and comports better with the actual facts when examined more closely. The second explanation is that Mrs. Cruz falsely claimed she was married in the 2018 context to increase her chances of getting a visitor visa. During the recent I-485 interview, Mrs. Cruz admitted the misrepresentation. In addition, after the interview on November 14, 2025, she obtained a certification from the Mexican government stating that no prior record of marriage was found in relation to Mrs. Cruz. This supports her claim that she was single at on September 27, 2022 when she legally married Mr. Cruz in Gaston County, North Carolina.

The Notice of Intent to Revoke the I-130 has a response deadline of December 3, 2025. Mrs. Cruz intends to file a response soon providing the certification that she was single when she married Mr. Rodriguez, along with other proof. In parallel, Mrs. Cruz is also filing an I-601 Waiver in relation to the misrepresentations she made in 2018 in applying for the visitor visa.

### Extreme Hardship Factors

Mrs. Cruz requests a waiver related to her misrepresentation in 2018 on the basis that if she is found inadmissible and required to return to Mexico it will constitute an extreme hardship to her U.S. Citizen husband, Mr. Rodriguez. A number of the factors enumerated in the USCIS Policy Manuel apply to the instant case.

First and foremost, Mrs. Cruz and Mr. Rodriguez have a valid marriage and a close emotional relationship, as each attests in detail in the included statements. In addition, Mr. Rodriguez suffers from clinical anxiety and depression, which make him more vulnerable to the effects of being separated from his wife or moving out of the country than would a typical person in the same position. The details of his condition are described in the included letter by Carlos Martinez, a licensed psychotherapist who has treated Mr. Rodriguez.

Second, Mr. Rodriguez also depends on his wife's contributions to make ends meet in their family budget. Their monthly expenses are currently around $4800 a month and without Mrs. Cruz's contributions through her income as a house cleaner, Mr. Rodriguez would not be able to pay his bills and would become insolvent. Conversely, if the couple moved to Mexico, it would be unlikely they could support themselves at a similar level to the U.S., due to the lower wages and higher unemployment.

A third import hardship factor are the country conditions in Mexico. As the Department of State details in its 2024 Human Rights Report, conditions in Mexico are generally dangerous, with high levels of violent crimes. The report notes that U.S. Citizens in particular are often targeted for kidnapping and extortion because of their perceived wealth, a fact which would put Mr. Rodriguez and Mrs. Cruz at more risk than the average person, in an already dangerous environment. In addition, Mr. Rodriguez would lose access to quality medical care and a fair criminal justice system.

A fourth hardship factor is Mr. Rodriguez's long period of stay in the U.S. He has been in the country for twenty years and has built a life and career. To pick up and relocate with Mrs. Cruz would be particularly difficult because of all the social connections he has to life in the U.S. In addition, Mrs. Cruz is deserving of discretion because she is hardworking, loyal, honest, and has no criminal record in the U.S. or in Mexico. While her misrepresentation was regrettable, it took place



Maria Ximena Sussman
Christine L. Camacho
Jennifer Ezeigwe (MA)
Ian T. Ballard (CO)

ESQUIRE

seven years ago and was based on a man with whom she did have children, resided with and shared a life together. Since this time, she has shown herself to be a person of good moral character who merits an exercise of discretion, both for her and for the benefit of Mr. Rodriguez.

In support of Mrs. Cruz's I-601 Application, please find enclosed a signed authorization Form G-1650 for the filing fee amount of **$1050.00**, along with two passport-sized photos of the Applicant. In addition, please find enclosed the following forms and supporting documents;

1. Form G-1650, Authorization for ACH Transactions;
2. Form G-28, Notice of Entry of Appearance as Attorney for Applicant;
3. Form I-601, Application for Waiver of Grounds of Inadmissibility;
4. A copy of Applicant's approved Form I-130 Petition;
5. A copy of Applicant's pending Form I-485 Application;
6. A copy of Applicant's approved Form I-765 Application;
7. USCIS' October 31, 2025 Notice of Intent to Revoke Form I-130;
8. Qualifying Relative's Naturalization Certificate;
9. Qualifying Relatives birth certificate with English translation;
10. Qualifying Relative's Social Security Card and driver license;
11. Qualifying Relative's divorce degree for his first marriage;
12. Applicant's birth certificate with English translation;
13. Applicant's Biographical Data Page of her expired Mexican passports;
14. Applicant's B-2 Border Crossing Card;
15. A copy of Applicant's Criminal Record Search for Gaston County, NC;
16. Certificate of Non-Existence of Marriage, with English Translation;
17. Applicant and Qualifying Relative's marriage certificate;
18. Declaration of Applicant with English Translation;
19. Declaration of Qualifying Relative Spouse with English Translation;
20. Qualifying Relative's Psychological Evaluation from Martinez Counseling;
21. Family Budget of Applicant and Qualifying Relative's monthly expenses, with English translation;
22. Bills and financial documentation of family expenses;
23. Applicant and Qualifying Relative's 2023 tax returns;
24. Department of State Mexico 2024 Human Rights Report;
25. Department of State Mexico Travel Advisory;
26. Mexico 2024 Human Rights Report, Human Rights Watch

Should you need additional information of documentation, please contact our office by post, phone, or email. Thanks in advance for your prompt attention to this matter.

Sincerely,

Ian T. Ballard, Esq.

ITB/syg

9916 Monroe Road          (980) 598-8180          info@sussmanlawfirmpllc.com



May 2, 2026

USCIS                                                          *UPS*
Attn: I-290B (Box 21100)
2108 E. Elliot Rd.
Tempe, AZ 85284-1806


Re:     Notice of Appeal or Motion

        Form:                    I-290B Motion to Reconsider and Reopen (in RE: I-601)
        Applicant:               Juana Cruz Santiago, Mexican National
        Denied Form I-601:       MSC2690065023


Dear Immigration Officer:

        Please find enclosed an I-290B Motion to Reconsider and Reopen filed by Counsel on behalf of Applicant Juana Cruz Santiago, a Mexican national. The I-290B is filed in response to the recent denial of Applicant's Form I-601. The I-485 on which the denied I-601 was based is still pending in the USCIS system. Applicant requests that the denied Form I-601 be reopened and reconsidered in light of errors made by the reviewing officer as well as previously available but unsubmitted evidence relevant to the hardship analysis of Applicant's qualifying relative.

### Background Facts

        The Applicant, Mrs. Cruz, entered the U.S. on a B2 visa on 12/20/2021. On 09/27/2022 Applicant married Mr. Rodriguez, a U.S. citizen. Mrs. Cruz is the beneficiary of an approved I-130 filed by her U.S. citizen spouse. On 4/8/2025, Mrs. Cruz filed an I-485 Application to Adjust Status, which is currently pending. On 08/6/2025, Mrs. Cruz and Mr. Rodriguez attended a USCIS interview for the I-485. During the interview, a review of Mrs. Cruz's immigration history revealed that she entered the U.S. most recently in 2021 on a B2 visa which she obtained in 2018. When questioned, Mrs. Cruz told the officer that she incorrectly stated her marital status both on her October 2018 DS-260 Application and in the November 2018 consular visa interview. In both contexts, Mrs. Cruz indicated she was married to Gerardo Del Angel Reyes. Although Mr. Del Angel and Mrs. Cruz had resided together and had two children together, they were never, in fact, legally married.

        During the interview, Mrs. Cruz admitted the misrepresentation. Shortly thereafter, she submitted documentation confirming that she had never been legally married to Mr. Del Angel, along with a Form I-601, requesting a waiver for the misrepresentation based on extreme hardship to Mr. Rodriguez, her U.S. citizen spouse. On April 2, 2026, USCIS denied Mrs. Cruz's I-601 on the

basis that "the evidence provided fails to establish that your U.S. citizen spouse would suffer extreme hardship if you were not admitted into the United States." Applicant, through the filing of the Form I-290B, requests that USCIS reconsider certain factual inaccuracies and legal errors in the officer's decision. Applicant further requests that USCIS reopen the case so the record can be supplemented with additional evidence of extreme hardship, available before, but previously unsubmitted.

## Legal Standards

The granting of a I-601 waiver is appropriate where inadmissibility would cause an extreme hardship to a qualifying family member, a designation that includes a spouse or parent holding USC or LPR status. The reviewing officer should consider "any submission from the applicant bearing on the extreme hardship determination." USCIS Policy Manual, Volume 9, Part B, Chapter 5, Section A. "The officer must make extreme hardship determinations based on factors, arguments, and evidence submitted" but may also consider relevant "factors, arguments, and evidence…that the applicant has not specifically presented, such as those addressed in Department of State information on country conditions or other U.S. Government determinations regarding country conditions." *Ibid*, Section C. Furthermore, "<u>the officer **must** consider **all factors and consequences in their totality and cumulatively** when assessing whether a qualifying relative will experience extreme hardship either in the US or abroad. In some cases, common consequences that on their own do not constitute extreme hardship may result in extreme hardship **when assessed cumulatively with other factors**</u>." *Ibid*.

In assessing extreme hardship in relation to an I-601 Application, immigration officers should consider these "guiding principles." The prospective hardship (1) must be greater than common results of hardship; (2) does not need to be "unique or unusual" and should not be confused with cancellation standard of exceptional and extremely unusual hardship; (3) based on factors, arguments and evidence submitted; (4) assessed individually and collectively; (5) can be based on actual or prospective injury (but claims of prospective injury must be realistic and foreseeable). Common results/consequences include family separation, economic detriment, difficulties readjusting to life in a new country, disparate quality of life and availability of education opportunities abroad, disparate availability of medical services and/or facilities. However, "<u>specific facts of the case might impact and exacerbate these common consequences of inadmissibility and make them rise to the level of extreme hardship</u>." Kurzban's Immigration Law Sourcebook, V.1, p. 169.

In addition, the DHS Secretary has directed USCIS to "consider criteria by which a presumption of extreme hardship may be determined to exist." Memo, Johnson, Sec. DHS, Expansion of the Provisional Waiver Program (Nov. 20, 2014) at 2, AILA Doc. No. 14112007. This includes but is not limited to family ties to US and country of removal; conditions in country of removal, age of USC or LPR spouse or parent, length of US residence; relevant medical and mental-health conditions; financial hardships; and educational hardships.

## Motion to Reconsider

In the April 2, 2026 denial letter, there are instances where the officer misstates evidence in the record, omits consideration of relevant evidence contained in the record, and fails to apply the analytical framework required by caselaw and the USCIS Policy Manual, as outlined in the preceding paragraph. As of result of these errors and omissions, Applicant requests that the denial of Form I-601 be reconsidered.

### A. Officer Misstates the Content of Psychotherapist's Letter

In the denial letter, the officer erroneously states that "the therapist makes note that there was no indicidents (sic) that impacts the petitioners mental health except that you are facing being sent back to your home country." However, the actual letter, by psychotherapist Carlos Martinez, says something significantly different. It reads, "though Mr. Rodriguez reported no traumatic incidents as having impacted his mental health or well-being **growing up**, he disclosed that he is experiencing a family crisis." The lack of traumatic incidents, as the therapist used the phrase, related to Mr. Rodgriguez's upbringing, not his present mental health issue. The officer, however, misconstrues the phrase to mean that Mr. Rodriguez is not experiencing trauma in the present.

In actuality, the letter lists several other circumstances presently impacting Mr. Rodriguez's mental health. These include: financial difficulties that would result from supporting two households, dangers of violent crime if the couple relocates to Mexico, the risk Mr. Rodriguez as a U.S. citizen would be targeted for crime or kidnapping in Mexico, the loss of career prospects for Mr. Rodriguez in the construction industry, the couple losing their chance to buy a home or raise children in the U.S., the loss of Mrs. Cruz's contributions to the household, including both financial contributions and those related to housework, for example, cooking and cleaning.

In the same paragraph the officer further states, also erroneously, that Mr. Rodriguez is facing "sadness and anxiety" but that "no other mental health conditions are referenced" in the therapist's letter. In fact, the letter references all of these additional conditions pertinent to Mr. Rodriguez's mental health: "depressed mood", "a family crisis", "anguish and desperation", "debilitating grief, stress, fear, and despair", "sleep disturbances", "reduced concentration", "energy levels at the lowest points he has experienced in years."

Based on these symptoms and details from Mr. Rodriguez's history, Mr. Martinez diagnoses Mr. Rodriguez with "Adjustment Disorder with Mixed Anxiety and Depressed Mood (Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition Text Revision, p. 319-322). Furthermore, the letter notes that the diagnosis is supported by Mr. Rodriguez's account of "significant impairment in social, occupational, or other important areas of functioning (p.319)" and recommends that Mr. Rodriguez continue with psychotherapy sessions and consult a medical doctor or psychiatrist to determine if medical intervention would also be appropriate.

In light of all this additional information in Mr. Martinez's letter, the officer's statement that "no other mental health conditions are referenced" apart from sadness and anxiety is inaccurate and misleading. As noted, the USCIS Policy Manual states that "**the officer must consider all factors and consequences** in their totality and cumulatively when assessing whether a qualifying relative will experience extreme hardship." Clearly, in omitting so many relevant factors, including the omission of the diagnosis itself, the officer has not considered all factors and consequences in their totality as the law and policy manual require. Furthermore, it's likely that if all mental health factors included in the evidence were considered and accurately characterized by the officer, the hardship analysis may have had a different outcome.

### B. Officer Improperly Considers Expert Evidence

Not only does the officer not give weight to many of the specific factors discussed in Dr. Martinez's letter, but, in addition, the expert and scientific character of the evidence is not acknowledged or considered. The psychotherapist, Carlos Martinez is a Licensed Clinical Addictions Specialist in North Carolina, holding a master's degree in Mental Health Counseling, who has

approximately 20 years of experience working with clients related to family separations and traumatic life experiences.

In summarizing Mr. Rodriguez's condition, the officer concludes that "although USCIS recognizes the level of stress and anxiety this process can cause someone, this diagnosis does not meet the level of extreme." A key point, not noted by the officer, is that terms Mr. Martinez employs like "anxiety" and "depression" aren't being used in a casual sense, the way a friend or family member might apply them. Instead, the terms are being used clinically, as symptoms supporting the diagnosis of Adjustment Disorder with Mixed Anxiety and Depressed Mood as defined in the Diagnostic and Statistical Manual of Mental Disorders—a diagnosis requiring, not only a certain syndrome, but also "significant impairment in social, occupational, or other areas of functioning."

A clinical diagnosis is, by definition, beyond the range of a normal or typical response of "sadness" or "anxiety" precisely because it is debilitating and merits professional intervention. It is precisely the diagnosis, by a mental health professional, that denotes that the condition is abnormal and debilitating, i.e., extreme. Because USCIS has not distinguished the clinical character of Mr. Rodriguez's diagnosis from typical feelings of sadness and depression, the severity of the diagnosis has not been given proper weight in the consideration of extreme hardship.

## C. Officer Fails to Take Mexico Country Conditions into Account

If Mrs. Cruz is forced to return to Mexico, the most likely scenario is that Mr. Rodriguez will accompany her. This outcome is largely dictated by the marriage vows where the couple promised to stay together "until death do us part" as well as by the emotional hardship of being permanently deprived of one's spouse and life partner. Also worth noting is that misrepresentation in the AOS or CP context renders an immigrant permanently inadmissible. So, if Mrs. Cruz relocated to Mexico without Mr. Rodriguez, the separation would likely be forever (in contrast to the three or ten year separations entailed by inadmissibilities like unlawful presence). In view of these circumstances, a careful consideration of how country conditions in Mexico would affect the couple is a crucial part of the hardship analysis.

Despite the USCIS Policy Manual's mandate that the officer must consider all factors and consequences in their totality and cumulatively when assessing whether a qualifying relative will experience extreme hardship", the denial letter does not mention country conditions even in passing. According to the Department of State, violent crime takes place at a much higher rate in Mexico than in the U.S. These crimes include "homicide, kidnapping, carjacking, and robbery." "The U.S. government has limited ability to help in many parts of Mexico. U.S. government employees are not allowed to travel to certain high-risk areas. Due to security risks, U.S. citizens should follow the same restrictions as U.S. government employees while traveling. Furthermore, the Department of State Travel Advisory labels Mr. Rodriguez's home state of Tamaulipas as "Do Not Travel" and notes that "there is a risk of violence in the state from terrorist groups, cartels, gangs, and criminal organizations. . . U.S. citizens and lawful permanent residents have been victims of kidnapping. . . Criminals often kidnap passengers for ransom. . . Heavily armed members of criminal groups often patrol the state, especially along the border region from Reynosa to Nuevo Laredo. They act without fear of punishment in these areas, and local law enforcement has limited capacity to respond to crime."

The officer was obliged, as a matter of law and official USCIS policy, to consider this information, published by the U.S. government itself, and weigh it cumulatively in relation to other

extreme hardship factors. The fact that the denial letter omits all reference to country conditions in Mexico shows that the this very compelling factor was not given proper weight in the officer's analysis.

### D. Officer Fails to Conduct a Totality of the Circumstances Analysis

The USCIS Policy Manual's dictates a specific framework of analysis for extreme hardship factors: namely the officer must consider all factors and consequences **in their totality and cumulatively**. In addition, the Policy Manual notes that "in some cases, common consequences that on their own do not constitute extreme hardship may result in extreme hardship when assessed cumulatively with other factors." This required framework of cumulative analysis is not followed in the denial letter. The decision contains no consideration of either the **cumulative** effect of factors (the way the factors add up), or the **totality** of the factors (the way the factors interact in a particular case to produce a detrimental effect greater than the factors in isolation).

Instead of a cumulative/totality analysis, the officer engages in a limited discussion of a few factors and dismisses each one as not amounting to extreme hardship without analyzing them cumulatively or in terms of how they might interact. For example, the officer finds that Mr. Rodriguez's psychological condition is not extreme, that Mrs. Cruz's financial and household contributions are not significant, and that the mere separation of a couple is not inherently an extreme hardship. However, the determination that these are common consequences, none of which rises to the level of extreme hardship, is just the first step of the analysis. The next step, which the officer fails to undertake, is to assess the factors cumulatively to determine if taken together they rise to the level of extreme hardship. Because this cumulative and totality analysis is not embarked on, the officer's analysis is defective as a matter of law and USCIS policy.

Furthermore, while an aspect of the analysis involves the exercise of discretion, that exercise is not cart blanche but constrained by an express legal framework. Namely, the analysis must consider "all factors", be consistent with the evidentiary record, and conduct the "cumulative effect/totality of the factors" analysis. The content of the USCIS denial letter does not meet any of the three requirements, upon which the exercise of discretion is predicated. As such, the case merits a reconsideration employing an analysis carried out in accordance with the USCIS Policy Manual guidelines.

### Motion to Reopen

In addition to the above arguments as to the legal and factual errors made by the officer in the extreme hardship analysis, Mrs. Cruz also requests that the case be reopened to allow for the presentation of additional evidence and arguments, existing at the time of filing, that are relevant to the cumulative/totality analysis of extreme hardship to Mr. Rodriguez.

1. **Mr. Rodriguez's Age**: both Mr. Rodriguez and Mrs. Cruz are in their mid to late 40's. While not elderly, both are relatively late in life to make a make a new start from scratch in a foreign country, master new job skills, or start another educational path. The transition for the two of them would be much more difficult than it would for a couple in their twenties or thirties who were at an earlier point in their careers. Though not a predominant factor, it is one that deserves consideration in the cumulative/totality analysis.

2. **Length of Mr. Rodriguez's Residence in the U.S**: Mr. Rodriguez has lived in the U.S. for two decades and has developed significantly in his career and adapted successfully to life in the U.S. He has learned English, become an LPR and then obtained his citizenship. He speaks English, pays taxes, follows the law and has pursued a career. This decades-long investment building a life in the U.S. would make a transition back to life in Mexico more difficult than it would for a more recent arrival.

3. **Mr. Rodriguez's support of Family Members Abroad**: Mr. Rodriguez routinely remits money to his elderly parents who reside in Matamoros, Mexico. Both parents have serious health issues, including diabetes and osteoporosis and memory loss. In addition, Mr. Rodriguez's mother receives no retirement benefits and the couple rely on their son for monthly infusions of cash to maintain themselves at a subsistence level. In addition, Mrs. Cruz has one unmarried adult daughter, whom she supports financially based on her and her husband's combined salaries. Records of many of these remittances are included in the supporting documents.

4. **Mr. Rodriguez's loss of access to U.S. courts and the criminal justice system**: The police and court systems in Mexico are noted for their corruption, collusion with criminal gangs, and inability to protect both citizens and foreigners. If a person is a victim of a crime, it is unlikely to result in the arrest and prosecution of the individual. This effect would be particularly pronounced in the Matamoros area, where Mr. Rodriguez comes from, because of elevated violence, drug trafficking, and lack of police protection. This information is dealt with extensively in the DOS report on country conditions in Mexico, which was quoted extensively above.

5. **Mr. Rodriguez and Mrs. Cruz would be predictable targets of criminal activity in Mexico**: The fact that Mr. Rodriguez is a U.S. citizen and would be perceived as wealthy, would put him and Mrs. Cruz at an increased risk of being targeted by criminal gangs or corrupt government officials for kidnaping, extortion, robbery, or the payment of bribes. In addition, Mrs. Cruz has frequently worked in the U.S. as a factory worker. Mexico has high rates of **human trafficking and femicide**, particularly in connection with the factories and warehouses in the border regions, which includes Matamoros, the border city directly across from Brownsville, where Mr. Rodriguez was born and where his parents currently live. All of these risk factors, cumulatively, would put Mr. Rodriguez and Mrs. Cruz at a much higher risk of being the victims of criminal activity than the average resident of Mexico.

6. **Mr. Rodriguez's training and experience in the construction field, including professional certifications, would not be recognized in Mexico**: In the U.S., Mr. Rodriguez has been employed in the construction industry for approximately fifteen years. During that time, he has received multiple trainings and certifications that allow him to practice his profession at a higher level, to be entrusted with greater responsibility, and to earn higher pay. Two examples of his professional accreditations are provided in the supporting documents. In addition, Mr. Rodriguez's employer has included a recommendation letter noting his technical abilities in the industry as well as

his outstanding professionalism. His employer describes him as a "star employee" who is extremely valuable to the company. Mr. Rodriguez's record of development in his career path is well-established and specific to the construction industry in the U.S. in particular (e.g., his OSHA certification). If Mr. Rodriguez relocates to Mexico, it is unlikely these professional credentials would be recognized in Mexico or have the same value that they do in the U.S. This point is above and beyond, the more obvious fact that the pay rate for similar work in Mexico is approximately one seventh of what it is in the U.S. Furthermore, Mr. Rodriguez's relocated to Mexico would entail a loss to both his U.S. employer and the construction sector generally, which depends on a supply of highly trained and reliable workers.

7. **Mr. Rodriguez and Mrs. Cruz would experience a steep drop in their standard of living due to lack of economic opportunity and low wages in Mexico**: If Mr. Rodriguez and Mrs. Cruz relocated to Mexico, their household income would be on average approximately one-tenth what is in the U.S. Furthermore, this difference would likely be even greater because Mr. Rodriguez has already progressed significantly up the employment ladder in his profession and is currently at a mid-to-late stage of his career at a point when many of his professional and salary benefits have already accrued. Significantly, much or all of this professional advancement is specific to the U.S. construction market, gains which would be largely erased were Mr. Rodriguez to return to Mexico.

8. **The particular context of Mr. Rodriguez and Mrs. Cruz household situation**: With the couple's current arrangement, Mr. Rodriguez works long hours at a lucrative job. Mrs. Cruz, on the other hand, works fewer hours and earns a lower, but still substantial income of around $17-25,000 a year. These earnings supplement the household income and makes the couple's relatively high standard of living possible. In addition, Mrs. Cruz's shorter working hours gives her time to take care of essential housework like cooking, cleaning, and running errands. This division of labor boosts the couple's earning potential by allowing Mr. Rodriguez to devote more time to work while Mrs. Cruz takes care of household duties, he would otherwise be responsible for. This profitable setup would of course be erased if the couple moved to Mexico, where neither partner would have the same employment or earning opportunities.

9. **Mr. Rodriguez's mental health condition increases his vulnerability of environmental stressors that would accompany a relocation to Mexico**: As described above, both Mr. Rodriguez's psychotherapist, Carlos Martinez, and his personal physician have expressed concern for his mental health. Mr. Rodriguez has been diagnosed with Adjustment Disorder with Mixed Anxiety and Depressed Mood. This diagnosis was made by a licensed psychotherapist in a clinical setting after a detailed case history was taken from Mr. Rodriguez. The diagnosis was based in part on the criterion that the symptoms significantly impact his social and professional functioning and constitute a psychological disorder of a severity beyond mere feelings of sadness and depression that an average person might experience in a similar situation. Both Carlos Martinez and Mr. Rodriguez's personal physician have underscored that further clinical

treatment and/or medical intervention from a psychiatrist might be necessary and beneficial in this context.

Note also that Mr. Rodriguez's psychological disorder is not only causing immediate problems in the present (because of the current psychological vulnerability) but that the condition also carries an additional risk of worsening if untreated or if psychological stressors intensify—which they no doubt would if Mr. Rodriguez and Mrs. Cruz relocated to the stressful and dangerous environment of Matamoros, Mexico. Thus, Mr. Rodriguez's mental health condition has harmful implications both presently and prospectively.

Furthermore, Mr. Rodriguez is currently receiving mental health treatment under the care of Carlos Martinez. The prognosis of recovery would be less if the continuity of this treatment were interrupted by a move to Mexico. Nor is it clear that an equivalent quality of psychological services would be available in Matamoros, Mexico.

10. **The further impact of Mrs. Cruz's mental health issues on Mr. Rodriguez**: Mrs. Cruz also suffers from anxiety and depression related to her imminent risk of deportation and lack of immigration status. The current administration's aggressive enforcement of immigration policy, in the form of ICE raids, and other measures, has exacerbated the severity of these symptoms. Mrs. Cruz also was evaluated by Carlos Martinez, who noted that her vulnerability to anxiety and depression is enhanced by the recent death of her brother, which has deeply impacted her as she continues to mourn his loss. These ongoing and escalating stressors related to the current immigration context create a vicious cycle where each partner's compromised psychological state leads to the further deterioration of the other partner's mental health.

11. **Risks associated with Country Conditions in Mexico and in Mr. Rodriguez's home state of Tamaulipas in particular**: Country and regional conditions are among the most significant factors contributing to the extreme hardship that Mr. Rodriguez would likely experience if he and Mrs. Cruz relocate to Mexico. As mentioned above, in all likelihood, if Mrs. Cruz were deported, Mr. Rodriguez would be compelled by moral and emotional reasons to accompany his spouse to Mexico, particularly because the misrepresentation inadmissibility is permanent. Her removal would denote a permanent separation if Mr. Rodriguez remained in the U.S. as his wife would have no path to ever legally reenter the U.S again (other than the very limited prospects of filing another Form I-601 and hoping for a different result).

If the couple indeed relocates, they would be greeted by a crescendo of negative factors stemming from the country conditions in Mexico and in the Matamoros region in particular. This would include, according to the Department of State's own assessment, a heightened risk of murder, kidnapping, sexual assault, gang related violence, human trafficking, extortion, and femicide. The dysfunctional nature of the police and justice system further reduces the chances that justice would be carried out if Mr. Rodriguez or Mrs. Cruz were the victim of a crime.

Apart from dangers related to crime and criminal justice, there are also the cluster of economic hardships that would result from the couple abandoning their lucrative employment in the U.S. and seeking new employment in a country where the average household income is approximately one-tenth what it had been in the U.S.

12. **Recent Escalation of Cartel Violence have led to a further deterioration of Mexico Country Conditions**: The previously poor and unstable conditions related to organized crime in Mexico further deteriorated with the recent killings of two key leadership figures in the cartels. This has triggered a bloody power struggle that is still ongoing and which is focused in the border regions—of which the city of Matamoras is a part. Consistent with these high threat levels, DOS has issued travel warnings of the highest level ("Do Not Travel") to U.S. citizens who are considering travel to these border regions (of which Matamoros, again, is a part). As a U.S. citizen, the government formally implores Mr. Rodriguez not to visit or reside in the very places he would be most likely to relocate to, namely, his state of origin and the city where his family currently lives.

Mr. Rodriguez and Mrs. Cruz are grateful to USCIS for its careful review of both the legal issues raised in the motion to reconsider, as well as the additional evidence and arguments presented in the motion to reopen. Please find enclosed the following forms and evidence supporting this submission:

1. Form G-1650 Authorization for ACH Transaction;
2. Form G-28;
3. Form I-290B;
4. A copy of the Form I-130 Approval notice, with approval date of 12/05/2024;
5. A copy of the receipt for Form I-485, Application to Adjust Status, filed 04/08/2025;
6. A printout of USCIS Case Status Online stating that the Form I-485 is still being processed as of May 2, 2026;
7. A copy of the receipt for the Form I-601, Application for Waiver of Grounds of Inadmissibility, filed 11/28/2025;
8. The cover letter and list of evidence originally submitted with the Form I-601, Application for Waiver of Grounds of Inadmissibility;
9. USCIS' 4/2/2026 letter denying the Form I-601;
10. A copy of Petitioner's birth certificate with English translation (previously submitted);
11. A copy of Petitioner's Certificate of Naturalization (previously submitted);
12. A copy of Petitioner's Social Security Card (previously submitted);
13. A copy of Petitioner's North Carolina driver license (previously submitted);
14. A copy of the divorce certificate ending Petitioner's prior marriage (previously submitted);
15. A copy of Applicant's birth certificate with English translation (previously submitted);
16. Copies of Applicant's two most recent Mexican passports, both expired (previously submitted);
17. A copy of Applicant's B1/B2 Border Crossing Card (previously submitted);
18. A copy of Applicant's Criminal Record Search for Gaston County, North Carolina (previously submitted);

19. A copy of Applicant and Petitioner's marriage certificate, dated 9/27/2022 (previously submitted);
20. Petitioner's updated hardship letter describing factors contributing to extreme hardship, with English translation (newly submitted);
21. Applicant's updated hardship letter describing factors contributing to extreme hardship, with English translation (newly submitted);
22. Letter from Petitioner's personal physician, Dr. Carlos M. Rish, MD, of Centro Medico Latino, describing Petitioner's mental health issues (newly submitted);
23. Letter from psychotherapist Carlos F. Martinez diagnosing Petitioner with Adjustment Disorder With Mixed Anxiety and Depressed Mood (previously submitted;
24. Letter from psychotherapist Carlos F. Martinez describing trauma's experienced during childhood and adulthood and diagnosing Applicant with Uncomplicated Bereavement, due to the recent death of her brother, along with Adjustment Disorder With Mixed Anxiety and Depressed Mood, connected with her pending immigration case and fear of being deported and/or separated from Petitioner (newly submitted);
25. Prior letters from Petitioner and Applicant describing factors contributing to extreme hardship, with English translation (previously submitted);
26. Letter from Petitioner's current employer, Stinnett Site Services, describing Petitioner as a "star employee" prized for both his outstanding technical abilities in the construction field and for his personal qualities like honesty and personal responsibility" (newly submitted);
27. Copies of Petitioner's professional certificates including an OSHA certification in "Hot Work" and a Hard Hat certificate in "Traffic Control and Flagging" (newly submitted);
28. Copies of remittances from Petitioner to elderly and impoverished parents in Mexico (newly submitted);
29. Letters from friends and associates attesting the good moral character of Petitioner and Applicant (newly submitted);
30. Documentation related to Petitioner and Applicant's monthly household budget, with English translation (previously submitted);
31. Petitioner and Applicant's 2024 jointly filed taxes (newly submitted);
32. Petitioner and Applicant's 2023 jointly filed taxes (previously submitted);
33. Petitioner's 2022 taxes, filed as single (previously submitted);
34. Photos of Petitioner and Applicant (previously submitted);
35. Department of State Travel Advisory for Mexico (previously submitted);
36. Department of State Travel Advisory for the State of Tamaulipas and the city of Matamoros (newly submitted);
37. Department of State, Mexico 2024 Human Rights Report, Executive Summary (previously submitted);
38. News article on the recent killing of El Mencho and the arrest of El Jardiero, which are expected to lead to an in violence as rivals fight for control (newly submitted);
39. Demographic country information showing that median wage in the U.S. is about 6-7 x higher than in Mexico, while the median household income is about 9 x higher (newly submitted);
40. Demographic country information showing that the poverty rate in Mexico is roughly 3 x the rate in the U.S (newly submitted);
41. Demographic country information showing that the murder rate in Mexico is roughly five times the murder rate in the U.S. (newly submitted).

Thank you in advance for your careful consideration of this matter. Should you need additional information of documentation, please contact our office by post, phone, or email. Thanks in advance for your prompt attention to this matter.

Sincerely,

ITB

Ian T. Ballard, Esq.



April 2, 2026

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
201 Regency Executive Park Drive
Charlotte, NC 28217

 **U.S. Citizenship and Immigration Services**

IAN TERRELL BALLARD
SUSSMAN LAW FIRM PLLC
9916 MONROE RD
CHARLOTTE, NC 28270



MSC2690065023



RE: JUANA CRUZ SANTIAGO
I-601, Application for Waiver of Grounds of
Inadmissibility

A233-327-710

## DECISION

DearJUANA CRUZ SANTIAGO:

On November 28, 2025, you submitted Form I-601, Application for Waiver of Grounds of
Inadmissibility, with U.S. Citizenship and Immigration Services (USCIS) in conjunction with your
Form I-485, Application to Register Permanent Residence or Adjust Status, that you filed on April 8,
2025.

### Waiver Eligibility

We may grant a waiver of certain inadmissibility grounds for humanitarian purposes, to assure family
unity, or when it is in the public interest.

To be eligible for a waiver under INA § 212(h) based on a qualifying relative, you must show that:

- You have a qualifying relative, that is, a U.S. citizen or lawful permanent resident
  spouse, parent, child, son, or daughter; and
- Your qualifying relative would experience extreme hardship because of your ineligibility to
  immigrate.
- In either case, you must show that your waiver should be granted as a matter of discretion, with
  favorable factors outweighing the unfavorable factors in your case.

You have established that you are married to a U.S. citizen. Therefore, you have established that you
have a qualifying relative. However, you have not established that your qualifying relative would
experience extreme hardship if the waiver is not granted.

To be eligible for the waiver, you, the applicant, must show that your qualifying relative would
experience extreme hardship if you were denied admission to the United States and, therefore, unable
to immigrate to the United States. As part of this determination, you must show that your qualifying
relative would experience extreme hardship in one of the following situations:

- Your qualifying relatives would experience extreme hardship because they plan to remain in the

- 2023 Taxes
- Mexico Human Rights Report



The letter from the psychotherapist reports that the petitioner has exhibited symptoms of anxiety and depression related to the immigration process. The therapist makes note that there was no indicidents that impacts the petitioners mental health except that you are facing being sent back to your home country. It states that if you were to be sent back he would face sadness, and anxiety. No other mental health conditions are referenced. The statement also suggests that the petitioner go to a mental health professional to alleviate his symptoms. Although USCIS recognizes the level of stress and anxiety this process can cause someone, this diagnosis does not meet the level of extreme. Furthermore, USCIS has a level of expectation that families in this situation would experience some level of stress, grief, and despair.

USCIS does take into consideration that you work and provide income to the household however, the submitted monthly expenses, receipts, and utility bills do not provide a comprehensive overview of your financial situation, nor do they demonstrate how these factors contribute to hardship. The 2023 taxes that were submitted shows an annual income of $70,848 but 2022 taxes show an income of $61,966, which the petitioner filed single, indicating that the income you provided was not a significant amount. Furthermore, they do not indicate what hardships the petitioner may encounter should the income you provide no longer exist.

In the petitioner's affidavit, he states that if you were deported and he accompanied you, it would require starting over. He notes that he currently has stable employment in the United States, which enables him to meet most financial obligations, and that departure would mean leaving these behind. However, there is no expectation that he would accompany you should you be deported.

The I-601 waiver is a discretionary benefit. USCIS does not find that the anxiety and depression described rise to the level of extreme hardship, as these are expected emotional responses in such circumstances. Furthermore, you have not demonstrated financial hardship beyond what is typically anticipated with loss of income, which does not meet the threshold for extreme hardship.

Conclusion

The record, reviewed in its entirety, does not support a finding that you will experience extreme hardship should you be removed from the United States. The Service recognizes that the family separation will involve some degree of hardship. As outlined above, the threshold for demonstrating extreme hardship requires substantially more than mere demonstration that a qualifying relationship exists. The evidence you provided fails to establish that your U.S. citizen spouse would suffer extreme hardship if you were not admitted into the United States. Therefore, you have failed to overcome the inadmissibility under 212(a)(6)(C)(i), of the Immigration and Nationality Act (INA). Thus, your Form I-601 waiver is hereby denied.

The decision on your application may be appealed according to the instructions provided on the cover page of this document. Additionally, within 30 calendar days (if the decision was mailed to you 33 days) of the decision, the affected party may file a Motion to Reopen or a Motion to Reconsider or both. Generally, a Motion to Reopen must be based on factual grounds, and seek a fresh determination based on newly discovered facts or a change in the applicant's circumstances. See 8 CFR 103.5(a)(2). Generally, a Motion to Reconsider must be based on legal grounds, and seek a new determination based on alleged errors of fact or law. See 8 CFR 103.5(a)(3). Motions are filed on the enclosed Form I-290B. The current filing fee, additional I-290B forms, where to file, and form instructions can be found at www.uscis.gov.





May 11, 2026

*June 13th* (handwritten)

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
201 Regency Executive Park Drive
Charlotte, NC 28217

**U.S. Citizenship
and Immigration
Services**



IOE0931248418



A233-327-710

IAN TERRERLL BALLARD
SUSSMAN LAW FIRM PLLC
9916 MONROE RD
CHARLOTTE, NC 28270

RE: JUANA CRUZ SANTIAGO
I-485, Application to Register Permanent Residence or
Adjust Status

## <u>NOTICE OF DECISION</u>

Dear JUANA CRUZ SANTIAGO:

On April 8, 2025, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (hereinafter referred to as INA or "the Act"), based on being the principal beneficiary of a family-based immigrant petition.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application.

To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8 Code of Federal Regulations (hereinafter referred to as 8 CFR), §245.1.

### Statement of Facts and Analysis, Including Reason(s) for Denial

On August 6, 2023, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are ineligible and inadmissible for the following reason(s):

An applicant adjusting under INA 245(a) must establish that he or she is eligible to receive an immigrant visa and an immigrant visa is immediately available. See INA 245(a)(2) - (3). USCIS

Lee's Summit, MO 64002



Failure to return the invalidated EAD according to the instructions above can lead to further adverse action.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR §212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR §212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

For questions about your applications or petitions filed with USCIS or if you need additional assistance, forms or filing instructions, visit our web site at www.uscis.gov. You can use our online tools at www.uscis.gov/tools, including our virtual assistant Emma for information and guidance.

Please use our Case Status Online Tool at https://egov.uscis.gov for status updates. You can also reach out to the USCIS Contact Center online by visiting www.uscis.gov/contactcenter. If you are not able to find the information you need online, call the USCIS Contact Center at 1-800-375-5283. If you are hearing impaired, call the USCIS Contact Center TTY at 1-800-767-1833.

Sincerely,

Christopher M. Heffron
Field Office Director





U.S. Citizenship
and Immigration
Services

MENU

# Case Status Online

## Case Approval Was Revoked

On May 11, 2026, we revoked the approval of the Form I-130, Petition for Alien Relative, filed on your behalf, Receipt Number IOE0921874759, and mailed you a revocation notice. Please follow the instructions in the notice. If you do not receive your revocation notice by June 10, 2026, please go to www.uscis.gov/e-request to request a copy of the notice. If you move, go to www.uscis.gov/addresschange to give us your new mailing address.

Enter Another Receipt Number ❓

EAC1234567890

Check Status

Already have an Account? Login

Case Status Online account logins will now be routed through the MyAccount service. Existing account holders can find updated login instructions here.

DHS PRIVACY NOTICE                          PAPERWORK REDUCTION ACT

# Related Tools

## Change of Address





**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number<br>IOE0936767883 | | Case Type<br>I290B - NOTICE OF APPEAL OR MOTION |
| --- | --- | --- |
| Received Date<br>05/06/2026 | | Applicant/Petitioner A233 327 710<br>CRUZ SANTIAGO, JUANA |
| Notice Date<br>05/12/2026 | Page<br>1 of 1 | |

| | |
| --- | --- |
| CRUZ SANTIAGO, JUANA<br>c/o BALLARD, IAN<br>SUSSMAN LAW FIRM PLLC<br>9916 MONROE RD<br>CHARLOTTE NC  28270 | **Notice Type:** Receipt Notice<br>Amount received: $800.00 U.S. |

We have received your appeal or motion ("your case") listed above pertaining to the decision on your I601 with Receipt Number MSC2690065023. This notice only shows that your case was filed on the "Received Date" listed above. It does NOT grant you any immigration status or immigration benefit, and it is not evidence that your case is still pending. We will notify you in writing when we make a decision on your case or if we need additional information.

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us, as well as proof of delivery. Have these records available when you contact us about your case.

**If any of the above information is incorrect or you have any questions about the status of your case, please call the USCIS Contact Center (UCC) at 1-800-375-5283 (TDD number is 1-800-767-1833) or visit the USCIS website at www.uscis.gov.** If you call us, please have your Alien Registration Number (A-Number) and/or the receipt number shown above. The receipt number is a tracking number for your case and will help with inquiries.

**Processing time** - Processing times vary by case type. Go to www.uscis.gov to see the current processing times listed by case type and office.

- View your case status on our website's Case Status Online page.
- You can also sign up to receive free email updates as we process your case.
- Most of the time your case is pending, the process status will not change. This is because we are working on cases that were filed before your case.
- When we make a decision on your case or if we need something from you, we will notify you by mail and update our systems.
- If you do not receive an initial decision or update from us within our current processing time, contact the UCC at 1-800-375-5283 or visit our website at www.uscis.gov.

**If your address changes** - Aliens must report a change of address within ten (10) days of moving within the United States or its territories. To file a change of address visit the USCIS website at www.uscis.gov/addresschange or call UCC at 1-800-375-5283 (TDD number is 1-800-767-1833).

**Return of Original Documents** - Use Form G-884, Request for the Return of Original Documents, to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For example: If you wish to obtain your mother's birth certificate and your mother's/father's marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

**NOTICE:** The information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

| |
| --- |
| Please see the additional information on the back. You will be notified separately about any other cases you filed. |
| USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online. |

National Benefits Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. BOX 25920
Overland Park  KS  66225
USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.          Form I-797C  10/13/21



May 15, 2026     ~~I-290 B~~

~~denial~~
~~of I-601~~

JUANA CRUZ SANTIAGO
c/o SUSSMAN LAW FIRM PLLC
9916 MONROE ROAD
CHARLOTTE, NC 28270

~~processed~~
~~in CLT~~

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
201 Regency Executive Park Drive
Charlotte, NC 28217

**U.S. Citizenship
and Immigration
Services**

IOE0936767883

A233-327-710

RE: JUANA CRUZ SANTIAGO
I-290B, Notice of Appeal or Motion

## <u>NOTICE OF DECISION</u>

This notice concerns your Form I-290B, Notice of Appeal or Motion, filed with U.S. Citizenship and Immigration Services (USCIS) on May 6, 2026 as a motion to reopen and/or reconsider the decision on your Form I-601, Application for Waiver of Grounds of Inadmissibility. We denied your Form I-601, receipt number MSC2690065023, on March 30, 2026.

Title 8 Code of Federal Regulations (8 CFR), section 103.5(a) states, in pertinent part:

> (2) Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:
>
>> (i) The requested evidence was not material to the issue of eligibility;
>> (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period;or
>> (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

> (3) …A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

We cannot approve your motion. Please review this notice for details.

---

### <u>Statement of Facts and Analysis</u>

Case 3:26-cv-00575-MOC-DCK    Document 1-2    Filed 07/17/26    Page 60 of 85

CLTI290BEODI2000038149541 (COURTESY COPY)      1 of 3      www.uscis.gov

- **General Assistance:** 1-800-375-5283
- **Military Cases:** USCIS Military Help Line at 1-877-247-4645
- **TTY for Hearing Impaired:** 1-800-767-1833

Sincerely,

Christopher M. Heffron
Field Office Director



U.S. Department of Homeland Security U.S.
Citizenship and Immigration Services
201 Regency Executive Park Dr
Charlotte, NC 28217



**U.S. Citizenship
and Immigration
Services**

Sussman Law Firm
9916 Monroe Road,
Charlotte, NC 28217

06/03/2026

## REJECTION NOTICE

Dear Applicant,

Your application is being returned to you because you have submitted an application that is unable to be accepted by a U.S. Citizenship and Immigration Services (USCIS) Field Office.

If you wish to submit an application with USCIS, please refer to the "Where to File" section of the form instructions for the form you are attempting to submit, which can be found on the USCIS website at uscis.gov/forms. If you are attempting to file a motion or appeal following the denial of an application by USCIS, please follow the instructions found on that denial notice.

To prevent any further delay, ensure that any future forms that you submit to USCIS are completed accurately, are signed by the proper party, and include proper fees payments. Your financial instrument was properly destroyed.

Sincerely,

Christopher Heffron
Charlotte Field Office Director

www.uscis.gov



Maria Ximena Sussman
Christine L. Camacho
Jennifer Ezeigwe (MA)
Ian T. Ballard (CO)

ESQUIRE

May 26, 2026

*VIA USPS*

USCIS
Charlotte Field Office
201 Regency Executive Park Drive
Charlotte, NC 28217

Re:    BIA Appeal of I-130 Revocation

| | | |
|---|---|---|
| Form: | I-130 (Revocation), IOE0921874759 | |
| Petitioner: | Omar Rodriguez Meza, A# 062946204 | |
| Beneficiary: | Juana Cruz Santiago, A# 233327710 | |

**RECEIVED**

**MAY 28 2026**

**USCIS
CHARLOTTE FIELD OFFICE**

Dear Immigration Officer:

This is an appeal of the May 11, 2026 revocation of the above-referenced I-130 filed by Petitioner Omar Rodriguez Meza for his Spouse Beneficiary Juana Cruz Santiago. The USCIS online case status indicates that the approval of the I-130 was revoked on May 11, 2026. However, neither Petitioner nor his attorney have yet received the Notice of Revocation.

Generally, when an I-130 is revoked on notice, the Petitioner has 18 days from the date of revocation to file an appeal with BIA. 18 days after May 11, 2026 would be May 29, 2026, the last day on which an appeal can be filed. In order to meet the appeal deadline, Petitioner, through counsel, files this appeal, despite not having reviewed the actual decision or any special instructions related to the appeal.

## Background Facts

Around 10/29/2018, Mrs. Cruz applied for a B2 visa, misrepresenting her marital status as married on her DS-160. She claimed to be married to the father of her two children. Though the pair had lived together and raised a family, they had never been formally married and were, in fact, by that time separated. Around 11/26/2018, Mrs. Cruz repeated the misrepresentation at her consular interview. Her motivation was to increase her chances of receiving a green card, having heard that a woman with a husband and children in her home country would be more likely to get a visa than a single woman without children.

On 12/30/2021, Mrs. Cruz entered the U.S. on her B2 visa, overstayed, and has remained in the U.S. ever since. On 9/27/2022, Mrs. Cruz married Mr. Rodriguez in Gaston County, North Carolina and on 8/14/2023 Mr. Rodriguez filed an I-130 for his wife, which was approved on

9916 Monroe Road                    p (980) 598-8180                    info@sussmanlawfirmpllc.com
Charlotte, NC 28270                   f (980) 598-8199                    sussmanlawfirmpllc.com


12/5/2024. About five months later, on 4/8/2025, Mrs. Cruz filed an I-485 application for a green card. On 8/6/2025, Mrs. Cruz and Mr. Rodriguez attended a USCIS interview for the I-485.

At the interview, Mrs. Cruz was confronted with the fallacious claims that she had been married at the time of her DS-160 application. Mrs. Cruz admitted both the misrepresentation, along with her reason for it, which had been to increase her chances of having her green card approved. The info revealed at the interview led USCIS to enter a NOIR on the I-130 on 10/31/2025. The NOIR alleged that Mrs. Cruz was not eligible to marry Mr. Rodriguez because she was married to the father of her children (as she had claimed in the DS-260) and had produced no evidence of a divorce. This conclusion by the officer was poorly supported even as of the interview date, since Mrs. Rodriguez, when confronted with the derogatory information had already admitted she lied to improve her odds of getting a visa.

In response to the NOIR, Mrs. Cruz provided a civil certificate from her home county of Mexico attesting that no records exist of Mrs. Cruz ever being married. In tandem with the response to the NOIR, Mrs. Cruz also filed an I-601 requesting a waiver for misrepresenting her marital status at the original consular interview.

On 4/2/26, USCIS denied the waiver on the grounds that Mrs. Cruz's spouse would not suffer extreme hardship if she were removed from the country. Notably, the I-601 denial letter stated that "you have established you are married to a U.S. Citizen" and was written by the same officer who attended the interview on 8/6/25, who issued a NOIR on 10/31/2025, and received the NOIR response on 11/28/2025, along with Mrs. Cruz's certificate showing she had never married. This timeline begs the question why the officer, having attended the interview, and being in possession of the certificate since 11/28/25, would then state that Mrs. Cruz had established she is married to a U.S. Citizen on 4/2/26, but then proceed to revoke the I-130 on 5/7/26 without any intervening events or evidence being submitted.

The exact date of the revocation is also inconsistently represented in the record. On 5/11/26, USCIS denied Mrs. Cruz's I-485, allegedly based on the I-130 being revoked on 5/7/26. However, the USCIS online system shows that the revocation date was 5/11/26, the same day that the I-485 was denied. Because the denial of the I-485 was based on the *preceding* revocation of the I-130, whether the revocation happened before or at the same time is material to the basis for the I-485 denial. Compounding this confusion, neither counsel, nor Mr. Rodriguez, nor Mrs. Cruz are yet to receive a copy of the revocation notice to clarify either the timeline or the rationale for the revocation.

Following the denial of the I-601, Mrs. Cruz filed an I-290B requesting that the I-601 be reopened and reconsidered based on the officer's failure to apply the required analytical framework for hardship analysis as laid out in the USCIS policy manual. The I-290B was denied three days after the submission on 5/15/26, on the ground that the I-130 had already been revoked.

## Legal Authority

The USCIS Policy Manual provide for both automatic revocation if certain triggering events occur (for example, the death of the petitioner or the cancellation of the NVC registration process). In addition, the Policy Manual provides for the revocation of an approved petition upon notice for "good and sufficient cause". 8 CFR 205.2(a). In the latter case, USCIS must give the petitioner the

9916 Monroe Road      p (980) 598-8180      e info@sussmanlawfirmpllc.com
Charlotte, NC 28270      f (980) 598-8199      sussmanlawfirmpllc.com


opportunity to offer evidence in support of the petition and to rebut the grounds supporting USCIS' initiation of revocation proceedings. 8 CFR 205.2(b).

Importantly, the Policy Manual further states that "unlike automatic revocation, when USCIS revokes a petition upon notice, the revocation is effective as of the date on which the revocation decision becomes final, including any decision on appeal." 8 CFR 205.2(a).

The Policy Manual goes on to describe that if the petitioner does not respond to the NOIR within the allotted time, or if the response is inadequate to meet the petitioner's burden of proof, the officer revokes the approval and notifies the petitioner of revocation and the opportunity to file an appeal. 8 CFR 205.2(c). The petitioner may appeal the decision to revoke the approval within 15 calendar days after the service of the notice of revocation. 8 CFR 205.2(d). The petitioner has the burden of showing by a preponderance of the evidence that the marriage to the beneficiary is valid. Courts have further explicated that this standard is met where the petitioner proves the marriage is more likely than not to be valid, or that the likelihood that the marriage is valid is at least 51%. The preponderance of the evidence standard is lower than the more exacting standards of proof by clear and convincing evidence or proof beyond a reasonable doubt.

## Legal Issues on Appeal

The following issues are raised on appeal and will be further developed in the forthcoming brief:

1. USCIS has not applied the preponderance of the evidence standard to the facts of the case. Namely, USCIS has required the petitioner to meet a higher burden than merely proving that the marriage is more likely than not to be valid. USCIS has required

2. USCIS has not properly considered rebuttal evidence in response to the NOIR. Most importantly, Beneficiary's admission that she misrepresented her marital status at the time of the original consular interview to get an immigration benefit and certification from Beneficiary's home country that no records exist reflecting a marriage. In fact, the only evidence that petitioner and beneficiary aren't legally married is Beneficiary's prior statement made at the B2 consular interview and subsequently contradicted. Because the original misstatement was based on Beneficiary's admitted motive of trying to increase the likelihood of getting a tourist visa, and because this statement was contradicted, and because there is no documentation or support of a prior marriage, whereas there is affirmative documentation that a marriage didn't exist—the rebuttal evidence has not been properly weighed in relation to the minimal and discredited evidence that a prior marriage existed. ③ The Novocation letter itself has not been provided which produce the revocation letter my prime that it was mailed and delivery

3. USCIS has not properly applied the requirement that unlike automatic revocation, which takes place immediately, revocation on notice is effective only as of the date on which the revocation becomes final, including any decision on appeal. Rather, USCIS has treated the revocation as being effective immediately, which error then served as the basis for being both the I-485 and the I-601.


4. The inconsistencies in the stated date of the revocation (reported variously by USCIS as May 7 and May 11) and the fact that neither counsel, nor the Petitioner, nor the Beneficiary, have received or been able to review the alleged notice of revocation, casts doubt on whether the notice was properly sent, if it was sent at all. If the notice of revocation was not sent or not improperly sent, this too would be an appealable error by USCIS that materially impacted the Petitioner's rights regarding the revocation of the I-130.

5. To the extent that the denial of Beneficiary's I-485 and I-601 were erroneously based on the applying the immediate date of the alleged I-130 revocation rather than the final date of revocation (which has yet to occur) as required by law, Petitioner seeks a declaratory judgment from the BIA to this effect for upcoming litigation related to the I-485 and I-601 in other jurisdictions. In other words, a declaratory statement as to when the revocation became or will become final and effective, or to the contrary, a declaration that the revocation is not yet final and effective.

In support of this appeal, find enclosed the following forms and supporting documents:

1. G-1650, Authorization for ACH Transactions;
2. EOIR-27, Notice of Entry of Appearance as Attorney Before the BIA;
3. EOIR-29, Notice of Appeal to the BIA from a Decision of a DHS Officer;
4. Identification documents for Petitioner and Beneficiary;
5. 12/5/2024, Approval of I-130;
6. 4/8/2025, Receipt for I-485;
7. 10/31/2025, Notice of Intent to Revoke;
8. 11/26/2025, Response to Notice of Intent to Revoke (including Beneficiary's Certificate of Non-Existence of Prior Marriages;
9. 11/26/2025, I-601 Application for Waiver of Grounds of Inadmissibility;
10. 4/2/2026, Denial of I-601;
11. 5/6/2026, filed I-290B Motion to Reconsider and Reopen (in RE: I-601);
12. 5/11/2026, Denial of Beneficiary's I-485, Application to Adjust Status;
13. 5/11/2026, USCIS Case Status Online showing "Case Approval Was Revoked" for the I-130;
14. 5/12/2026, I-290B receipt (in re: I-601);
15. 5/15/2026, Denial of I-290B (in re: I-601);
16. Excerpts from USCIS Policy Manual.

9916 Monroe Road          (980) 598-8180          info@sussmanlawfirmpllc.com
Charlotte, NC 28270        (980) 598-8199          sussmanlawfirmpllc.com



Maria Ximena Sussman
Christine L. Camacho
Jennifer Ezeigwe (MA)
Ian T. Ballard (CO)

ESQUIRE

Should you need additional information or documentation, do not hesitate to contact our office by post, phone, or email. Thanks in advance for your prompt attention to this matter. An additional brief will be submitted in support of this appeal in accordance with pertaining regulations and any upcoming orders.

Sincerely,

Ian Terrell Ballard, Esq.

ITB

9916 Monroe Road          (980) 598-8180          info@sussmanlawfirmpllc.com
Charlotte, NC 28270        (980) 598-8199          sussmanlawfirmpllc.com

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB#1125-0005
**Notice of Entry of Appearance as Attorney or
Representative Before the Board of Immigration Appeals**

**(Type or Print)**
**NAME AND ADDRESS OF REPRESENTED PARTY**

Omar                              Rodriguez Meza
(First)            (Middle Initial)            (Last)

4196 Gardner Ridge Dr.            Apt F
(Number and Street)            (Apt. No.)

Gastonia            NC            28056
(City)            (State)            (Zip Code)

**A-NUMBER**
(Provide Alien ("A") number of the party represented)

062 946 204

USCIS Visa Appeal (Provide beneficiary name and A number)

Fine (Provide fine number)

Disciplinary case (Provide docket number)

**Attorney or Representative (please check one of the following):**

[X] I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following states(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary), and I am not subject to any order disbarring, suspending, enjoining, restraining or otherwise restricting me in the practice of law in any jurisdiction (if subject to such an order, do not check this box and explain on reverse).

**Full Name of Court** Colorado Supreme Court    **Bar Number (if applicable)** 38312

[ ] I am a representative accredited to appear before the Executive Office for Immigration Review as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization:

_____

[ ] I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).

[ ] I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3) and I have included a statement demonstrating that I meet the required criteria.

[ ] I am an accredited foreign government official, as defined in 8 C.F.R. § 1291.1(a)(5), from _____ (country).

[ ] I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

**Attorney or Representative (please check one of the following):**

[ ] I hereby enter my appearance as attorney or representative for, and at the request of, the party named above.

[ ] EOIR has ordered the provision of a Qualified Representative for the party named above and I appear in that capacity.

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representations before the Board of Immigration Appeals. By signing this form, I consent to publication of my name and any findings of misconduct by EOIR, should I become subject to any public discipline by EOIR pursuant to the rules and procedures at 8 C.F.R. 1003.101 *et seq.* I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**SIGNATURE OF ATTORNEY OR REPRESENTATIVE**        **EOIR ID NUMBER**        **DATE**

X _____        NN 523615        5/26/26

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & EMAIL ADDRESS**

Name: _____ Ian _____ Terrell _____ Ballard _____
(First)            (Middle Initial)            (Last)

Address: 9916 Monroe Rd.
(Number and Street)            (Suite)

Law Firm: Sussman Law Firm PLLC

Matthews            North Carolina            28105
(City)            (State)            (Zip Code)

Telephone: 9805988180 Facsimile: _____ Email: Ian@sussmanlawfirmpllc.com

[X] Check here if new address

Case 3:26-cv-00575-MOC-DCK    Document 1-2    Filed 07/17/26    Page 69 of 85

## Indicate Type of Appearance:

☒ Primary Attorney/Representative          ☐ Non-Primary Attorney/Representative

I am providing pro bono representation. Check one: ☐ yes  ☒ no

---

### Proof of Service

I (Name) ___Ian Ballard___ provided a copy of this Form EOIR-27 on (Date) _5/26/26_ to the

☐ DHS (U.S. Immigration and Customs Enforcement – ICE) at _____

☒ DHS (U.S. Citizenship and Immigration Services – USCIS) at _Charlotte Field Office, 201 Regency Executive Park Drive, Charlotte, NC 28217_

☐ EOIR Disciplinary Counsel at _____

☐ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

X _____
Signature of Person Serving

---

**APPEARANCES** - A practitioner of record is authorized and required to appear on behalf of a respondent, to file all documents on behalf of a respondent, and to accept service of process of all documents filed in the proceedings before the Board of Immigration Appeals (BIA). *See* 8 C.F.R. §§ 1003.38(g)(1)(ii), 1292.5(a). To perform the functions of and become the practitioner of record, the practitioner must file a separate Form EOIR-27 for each represented party in each appeal or motion before the BIA (8 C.F.R. § 1003.2(g)(1), 1003.3(a)(3), 1003.38(g)(1)), even though the practitioner may have appeared in the case before the Immigration Judge or U.S. Citizenship and Immigration Services. For information on how to file a Form EOIR-27 with the BIA, see the BIA Practice Manual at www.justice.gov/eoir. If information is omitted from the Form EOIR-27 or is not properly completed, the appearance may not be recognized, and the accompanying filing may be rejected. When an appearance as a practitioner of record is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals and will comply with the EOIR Rules of Professional Conduct in 8 C.F.R. § 1003.102. Thereafter, substitution or withdrawal may be permitted upon approval by the BIA of a request of the practitioner of record in accordance with *Matter of Rosales*, 19 I&N Dec. 655 (1988). Appearances for limited purposes other than for document assistance to an unrepresented or *pro se* respondent are not permitted. 8 C.F.R. § 1003.2(g)(1), 1003.38(g) (2); *Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). A Form EOIR-60, not a Form EOIR-27, is required for the entry of a limited appearance for document assistance on an appeal, brief, motion, or other document. Note: Attorneys and Accredited Representatives (with full accreditation) must register with the EOIR eRegistry to practice before the BIA. 8 C.F.R. § 1292.1(f). Registration must be completed online at www.justice.gov/eoir. Attorneys and Accredited Representatives (with full accreditation) must first update their address in eRegistry before filing a Form EOIR-27 that reflects a new address.

**FREEDOM OF INFORMATION ACT** - This form may not be used to request records under the Freedom of Information Act (FOIA) or the Privacy Act. *See* 28 C.F.R. § 16.1-16.11 and appendices. For information about FOIA requests, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, at https://www.justice.gov/eoir.

**PRIVACY ACT NOTICE** - The information requested on this form is authorized by 8 U.S.C. § 1362 and 8 C.F.R. § 1003.3 in order to enter an appearance to represent a party before the BIA. The information you provide is mandatory and required to enter an appearance. Failure to provide the requested information will result in an inability to represent a party or receive notices of actions in a proceeding. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice, EOIR-001, Records and Management Information System, 69 Fed. Reg. 26,179 (May 11, 2004), and EOIR-003, Practitioner Complaint-Disciplinary Files, 64 Fed. Reg. 49237 (September 1999), or their successors. Furthermore, the submission of this form acknowledges that an attorney or representative will be subject to the disciplinary rules and procedures at 8 C.F.R. § 1003.101 et seq., including, pursuant to 8 C.F.R. §§ 292.3(h)(3), 1003.108(c), publication of the name of the attorney or representative and findings of misconduct should the attorney or representative be subject to any public discipline by EOIR.

**CASES BEFORE EOIR** - Automated information about cases before EOIR is available by calling (800) 898-7180 or (304) 625-2050 or by checking online at https://acis.eoir.justice.gov.

**ADDITIONAL INFORMATION:**

**PAPERWORK REDUCTION ACT NOTICE** - A person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose minimal burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

Form EOIR-27
Rev. Oct. 2023



OMB No. 1125-0010

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

**Notice of Appeal to the Board of Immigration Appeals from a Decision of a DHS Officer**

---

<div style="border:1px solid">

**WHERE TO FILE THIS APPEAL:**
**Do not file this directly with the Board of Immigration Appeals.**

This Notice of Appeal must be filed with the Department of Homeland Security (DHS) within 30 calendar days after service of the decision of the DHS Officer. Please read the complete instructions on the back of this form.

</div>

**1.** Choose <u>one</u> of the boxes:

☒ I am filing an appeal from a decision of a DHS Officer (e.g., Form I-130 or Form I-360 Widow(er) petition decision):

Name of Beneficiary: *Juana Cruz Santiago*

A-Number, if any, of Beneficiary: *233 327 710*

Petition Receipt Number: *IOE 0921874759*

Fee Stamp (Official Use Only)

☐ I am filing a different type of appeal from a decision of a DHS Officer (e.g., carrier and fine decision, INA 212(d)(3)(A)(ii) waiver decision, permissible DHS bond decisions):

Name:

A-Number, if any:

Carrier and fine number:

Any other relevant information:

**2.** I hereby appeal to the Board of Immigration Appeals from the decision of the

_____*Field Office Director*_____ issued by___*Charlotte Field Office*___
(Title of DHS Officer)      (Office Where DHS Decision was Issued)

dated____*May 11, 2026*____ in the above titled case.
(Date of DHS Decision)

**3.** Specify reasons for this appeal. Please refer to Instruction #2 for further guidance. *Warning: If the factual or legal basis for the appeal is not sufficiently described, the appeal may be summarily dismissed.* Continue on separate sheets if necessary. Include your name, A-Number, or fine number on all additional pages.

**4.** Do you desire oral argument before the Board of Immigration Appeals?    ☒ Yes    ☐ No

**5.** Do you intend to file a separate written brief or statement after filing this Notice of Appeal? *Warning: If you indicate "yes" and fail to do so the appeal may be summarily dismissed. Please refer to the Instructions for further information.*    ☒ Yes    ☐ No

Form EOIR-29
Rev. 07/2025
Exp. 07/31/2028

**6.** Signature of Appellant/Petitioner *(or Attorney or Representative who has filed a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27))* and address information, including safe address for Appellant/Petitioner.

_5 - 26 - 26_
Date

_Omar Rodriguez Mera_
Signature of Appellant/Petitioner (or Attorney/Representative)

_Omar Rodriguez Mera_
(Print or Type Name)

Appellant/Petitioner's Mailing Address
In Care of Name (if any)

_Sussman Law Firm, PLLC_

_9916 Monroe Rd._
Street Number and Name

_____
Apartment Number or Unit Number (if any)

_Matthews_
City

_N.C._
State

_28105_
Zip Code

Form EOIR-29
Rev. 07/2025
Exp. 07/31/2025





# Application for Waiver of Grounds of Inadmissibility

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

USCIS
Form I-601
OMB No. 1615-0029
Expires 03/31/2027

| For USCIS Use Only | Fee Stamp | Initial Receipt | Resubmitted | Action Block |
|---|---|---|---|---|
| | | | Relocated | |
| **Benefits Category** ☐ Immigrant ☐ Adjustment of Status ☐ TPS ☐ V Nonimmigrant ☐ K Nonimmigrant | | **Received** | **Sent** | |

**Inadmissible Under**

☐ 212(a)(1)_____ ☐ 212(a)(3)_____ ☐ 212(a)(6)_____ ☐ 212(a)(10)_____

☐ 212(a)(2)_____ ☐ 212(a)(4)_____ ☐ 212(a)(9)_____ ☐ Other_____

| To be completed by an Attorney or Accredited Representative (if any). | ☒ Select this box if Form G-28 is attached or G-28I is attached. | Attorney State Bar Number (if applicable) 38312 | Attorney or Accredited Representative USCIS Online Account Number (if any) N / A |
|---|---|---|---|

▶ **START HERE - Type or print in black ink.**

## Part 1. Information About You

1. Alien Registration Number (A-Number) (if any)

   ▶ A- | 2 | 3 | 3 | 3 | 2 | 7 | 7 | 1 | 0 |

2. USCIS Online Account Number (if any)

   ▶ N / A

### Your Full Name

3.a. Family Name (Last Name) **Cruz Santiago**

3.b. Given Name (First Name) **Juana**

3.c. Middle Name **N/A**

### Other Names Used

List all other names you have ever used, including maiden names, aliases, and nicknames. If you need extra space to complete this section, use the space provided in **Part 10. Additional Information.**

4.a. Family Name (Last Name) **N/A**

4.b. Given Name (First Name) **N/A**

4.c. Middle Name **N/A**

### Mailing Address

**NOTE:** If you are outside of the United States, provide a U.S. mailing address if available. If a U.S. mailing address is not available, provide your mailing address outside the United States.

5.a. In Care Of Name **Sussman Law Firm, PLLC**

5.b. Street Number and Name **9916 Monroe Road**

5.c. ☐ Apt. ☐ Ste. ☐ Flr. **N/A**

5.d. City or Town **Charlotte**

5.e. State **NC**   5.f. ZIP Code **28270**

5.g. Province **N/A**

5.h. Postal Code **N/A**

5.i. Country **United States**

6. Is your current physical address the same as your mailing address? ☐ Yes ☒ No

If you answered "No" to **Item Number 6.,** provide your physical address in **Item Numbers 7.a. - 7.h.**

## Part 1. Information About You (continued)

### Physical Address

**7.a.** Street Number and Name: 4196 Gardner Ridge Dr

**7.b.** ☒ Apt. ☐ Ste. ☐ Flr. F

**7.c.** City or Town: Gastonia

**7.d.** State: NC  **7.e.** ZIP Code: 28056

**7.f.** Province: N/A

**7.g.** Postal Code: N/A

**7.h.** Country: United States

### Other Information

**8.** U.S. Social Security Number (if any)
▶ 0 7 5 3 9 7 3 9 3

**9.** Sex ☐ Male ☒ Female

**10.** Date of Birth (mm/dd/yyyy): 03/08/1979

**11.** City or Town of Birth: Tempoal

**12.** Province of Birth (if applicable): N/A

**13.** Country of Birth: Mexico

**14.** Country of Citizenship or Nationality: Mexico

If you seek a visa and you were already interviewed by a U.S. Department of State (DOS) consular officer at a U.S. Embassy or U.S. Consulate, provide the information requested in **Item Numbers 15.a. - 15.b.**

**15.a.** DOS Consular Case Number (if available): N/A

**15.b.** The location of the U.S. Embassy or U.S. Consulate where your visa application is being or will be made

City: N/A

Country: N/A

**16.a.** Are you filing this application after you have already filed Form I-485, Application to Register Permanent Residence or Adjust Status? ☒ Yes ☐ No

**16.b.** If you answered "Yes" to **Item Number 16.a.**, provide the USCIS Receipt Number for your Form I-485.
▶ I O E 0 9 3 1 2 4 8 4 1 8

**17.a.** Are you filing this application after you have already filed Form I-821, Application for Temporary Protected Status? ☐ Yes ☐ No

**17.b.** If you answered "Yes" to **Item Number 17.a.**, provide the USCIS Receipt Number for your Form I-821, if any.
▶ N / A

**18.a.** Have you previously filed Form I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal? ☐ Yes ☒ No

**18.b.** If you answered "Yes" to **Item Number 18.a.**, provide the USCIS Receipt Number for your Form I-212, if any.
▶ N / A

**18.c.** Where did you file your application (for example, USCIS Office, U.S. Port-of-Entry, Immigration Court)?
N/A

**18.d.** Date Filed (mm/dd/yyyy): N/A

**19.** Are you submitting Form I-212 along with this application? ☐ Yes ☐ No

## Part 2. U.S. Entry Information

Provide information for your previous periods of stay in the United States, beginning with your most recent arrival date.

**NOTE:** If you need extra space to complete this section, use the space provided in **Part 10. Additional Information.**

**1.a.** Date You Entered the U.S. (mm/dd/yyyy): 12/30/2021

**1.b.** Immigration Status At the Time of Your Entry Into the U.S.
B-2 - Visitor for Pleasure or Medical Treatment

**1.c.** Location at Which You Entered the U.S.
Brownsville, Texas

**1.d.** U.S. City or Town Where You Lived
Gastonia

**2.a.** Date You Entered the U.S. (mm/dd/yyyy): N/A

Case 3:26-cv-00575-MOC-DCK    Document 1-2    Filed 07/17/26    Page 76 of 85

## Part 2. U.S. Entry Information (continued)

**2.b.** Date You Departed the U.S. (mm/dd/yyyy)

N/A

**2.c.** Immigration Status At the Time of Your Reentry Into the U.S.

N/A

**2.d** Location at Which You Entered the U.S.

N/A

**2.e.** U.S. City or Town Where You Lived

N/A

## Part 3. Biographic Information (for USCIS Applicant only)

**1.** Ethnicity (Select **only one** box)

☒ Hispanic or Latino

☐ Not Hispanic or Latino

**2.** Race (Select **all applicable** boxes)

☒ White

☐ Asian

☐ Black or African American

☐ American Indian or Alaska Native

☐ Native Hawaiian or Other Pacific Islander

**3.** Height — Feet `5` Inches `2`

**4.** Weight — Pounds `1` `7` `9`

**5.** Eye Color (Select **only one** box)

☐ Black   ☐ Blue   ☒ Brown
☐ Gray    ☐ Green   ☐ Hazel
☐ Maroon  ☐ Pink    ☐ Unknown/Other

**6.** Hair Color (Select **only one** box)

☐ Bald (No hair)   ☐ Black   ☐ Blond
☒ Brown            ☐ Gray    ☐ Red
☐ Sandy            ☐ White   ☐ Unknown/Other

## Part 4. Reasons for Inadmissibility

Select all of the following grounds that you believe, according to the best of your knowledge, or that you were told, apply to you. Only select the applicable grounds listed under the immigration benefit you are seeking.

If you were ever arrested or convicted, provide the disposition (outcome) for all arrests or convictions (for example, dismissed from the appropriate authority). You also **will be required** to provide **certified** court records or dispositions for all convictions.

If you are seeking a waiver of inadmissibility because you have a Class A Tuberculosis condition (as defined by U.S. Department of Health and Human Services (HHS) regulations), you must complete **Part 11.** of this application.

If you are seeking a waiver of inadmissibility because you have a history of physical or mental disorders, you must attach the information requested in the instructions.

### Section A

**I am an applicant for an immigrant visa or adjustment of status (other than based on T nonimmigrant status or based on classification as a Special Immigrant Juvenile, see Section B below), or for K or V nonimmigrant status, and I believe or I was told that I am inadmissible because (review Form I-601 Instructions for a detailed explanation of the individual grounds of inadmissibility listed below):**

Select all grounds that you believe apply to you.

**1.** ☐ I have a communicable disease of public health significance. (A list of communicable diseases of public health significance can be found in the **Specific Instructions** section of Form I-601 Instructions.)

**2.** ☐ I seek an exemption from the vaccination requirement because vaccinations are against my religious beliefs or moral convictions.

**3.** ☐ I have or had a physical or mental disorder and behavior (or history of behavior that is likely to recur) associated with the disorder, which has posed or may pose a threat to the property, safety, or welfare of myself or others.

**4.** ☐ I have been involved in a crime of moral turpitude (other than a purely political offense).

**5.** ☐ I have been involved in a controlled substance violation according to the laws and regulations of any state, the United States, or a foreign country related to a single offense of simple possession of 30 grams or less of marijuana.

**6.** ☐ I have been convicted of two or more offenses (other than purely political offenses), for which the combined sentences to confinement were five years or more.

**7.** ☐ I am coming to the U.S. to engage in prostitution or, in the past 10 years, I have engaged in prostitution (including receiving the proceeds of, in full or in part), procurement of prostitution, or I continue to engage in prostitution or procurement of prostitution.

**8.** ☐ In the past 10 years, I have (either directly or indirectly) procured, attempted to procure, or to import prostitutes or persons for the purpose of prostitution.

Case 3:26-cv-00575-MOC-DCK   Document 1-2   Filed 07/17/26   Page 77 of 85

## Part 4. Reasons for Inadmissibility (continued)

9. ☐ I came to the United States or I am coming to the United States to engage in any other unlawful commercialized vice whether or not it is related to prostitution.

10. ☐ I have been involved in serious criminal activity and have asserted immunity from prosecution.

11. ☐ I am or I have been a member of or affiliated with the Communist or any other totalitarian party (or subdivision or affiliate of the party,) domestic or foreign.

12. ☒ I have sought to procure an immigration benefit by fraud or by concealing or misrepresenting a material fact (immigration fraud or misrepresentation.)

13. ☐ I have been engaged in alien smuggling.

14. ☐ I am subject to a civil penalty because I was the subject of a final order for violation of the Immigration and Nationality Act (INA) section 274C.

15. ☐ I am subject to the 3-year or the 10-year bar to admissibility because I was previously unlawfully present in the United States in excess of either 180 days or one year or more, respectively, and subsequently departed the United States.

16. ☐ I was previously removed from the United States. (See instructions for Nicaraguan Adjustment and Central American Relief Act (NACARA) and Haitian Refugee Immigration Fairness Act (HRIFA) applicants only. All other applicants file Form I-212.)

17. ☐ I have been ordered removed or I have been unlawfully present in the United States for more than one year, in the aggregate, and I subsequently reentered or attempted to reenter without being admitted. (See instructions for NACARA, HRIFA, and the instructions for approved Violence Against Women Act (VAWA) self-petitioners only. Other applicants file Form I-212.)

18. ☐ Other (specify):
N/A

N/A

## Section B

I am applying for adjustment of status based on a valid T nonimmigrant status or based on classification as a Special Immigrant Juvenile and I believe or I was told that I am inadmissible because:

19. ☐ Specify (Review Form I-601 Instructions for a detailed explanation of the individual grounds of inadmissibility related to your Form I-601.)
N/A

N/A

## Section C

I am applying for TPS and I believe or I was told that I am inadmissible because:

Select all grounds that you believe, according to the best of your knowledge, or that you were told apply to you.

20. ☐ I have a communicable disease of public health significance. (A list of communicable diseases of public health significance can be found in the **Specific Instructions** section of Form I-601 Instructions.)

21. ☐ I have or had a physical or mental disorder and behavior (or a history of behavior that is likely to recur) associated with the disorder, which has posed or may pose a threat to the property, safety, or welfare of myself or others.

22. ☐ I am or have been a drug abuser or drug addict as described in U.S. Department of Health and Human Services (HHS) Regulations. See 42 CFR 34.

23. ☐ I have been involved in a controlled substance violation according to the laws and regulations of any state, the United States, or a foreign country related to a single offense of simple possession of 30 grams or less of marijuana.

24. ☐ I am coming to the U.S. to engage in prostitution or, in the past 10 years, I have engaged in prostitution (including receiving the proceeds of, in full or in part,) procurement of prostitution, or I continue to engage in prostitution or procurement of prostitution.

25. ☐ In the past 10 years, I have (either directly or indirectly,) procured, attempted to procure, or to import prostitutes or persons for the purpose of prostitution.

26. ☐ I came to the United States or I am coming to the United States to engage in any other unlawful commercialized vice, whether or not it is related to prostitution.

27. ☐ I have been involved in serious criminal activity and have asserted immunity from prosecution.

28. ☐ I did not attend or did not remain at a removal proceeding to determine my inadmissibility or deportability.

## Part 4. Reasons for Inadmissibility (continued)

**29.** ☐ I have sought to procure an immigration benefit by fraud or by concealing or misrepresenting a material fact (immigration fraud or misrepresentation).

**30.** ☐ I falsely represented myself as a U.S. citizen.

**31.** ☐ I have been engaged in alien smuggling.

**32.** ☐ I am subject to a civil penalty because I have been the subject of a final order for violation of INA section 274C.

**33.** ☐ I am ineligible for U.S. citizenship because I departed from or remained outside the United States to avoid or evade training or service in the armed forces in a time of war or national emergency.

**34.** ☐ I have practiced polygamy since I entered the United States or I intend to practice polygamy in the United States.

**35.** ☐ I am accompanying another alien who is inadmissible after being certified to be helpless under INA section 232(c) and I am inadmissible because that other alien requires my protection or guardianship.

**36.** ☐ I have detained, retained, or withheld the custody of a child having a lawful claim to U.S. citizenship, outside the United States, from a person granted custody.

**37.** ☐ I was an unlawful voter who voted in violation of a Federal, state, or local constitutional provision, statute, ordinance, or regulation.

**38.** ☐ I am a former U.S. citizen who renounced my citizenship in order to avoid taxation by the United States.

**39.** ☐ Other (specify):

N/A

N/A

**40.** Juana Cruz Santiago believes she is inadmissible solely due to immigration-related matters arising from the information provided on her B2 Visitor Visa application in 2018 *and interview. She falsely said* she was married to Gerardo Del Angel Reyes; however, she was never legally married to Mr. Reyes. *They did, however, live together and have children together.*

*The only time Mrs. Cruz has been married is to Omar Rodriguez, whom she married 9/27/2022 and whom she is still married to.*

## Your Inadmissibility Statement

In the space provided in **Item Number 40.**, provide a statement and a full explanation of the acts, convictions, and/or medical conditions that you believe or you were told make you inadmissible.

Your statement must indicate when you engaged in the acts that you believe make you inadmissible, the date of all convictions, or the date of any medical diagnosis. You **must** provide this information even if the information is also in the documents that you submit with your application.

If you need extra space to complete your statement, use the space provided in **Part 10. Additional Information** or attach a separate letter. If you include a separate letter, indicate in **Item Number 39.** that you are attaching a letter.

Form I-601  Edition  01/20/25

## Part 5. Information About Your Qualifying Relatives

Provide information for your U.S. citizen or lawful permanent resident through whom you are eligible to submit this application. In **Item Number 9.**, provide a statement explaining the extreme hardship that you or your qualifying relative (U.S. citizen, lawful permanent resident, or other qualified parent or child) has or will experience if you are refused the immigration benefit you are seeking. It is not necessary for an SIJ to complete **Part 5.** of the application.

☐ Select here if you are a VAWA self-petitioner and would like to claim extreme hardship to yourself. (If you are only claiming extreme hardship for yourself, you can skip to **Item Number 9.** If you have additional qualifying relatives to whom you would like to claim extreme hardship, provide their information below.)

### Relative's Full Name

| | | |
|---|---|---|
| **1.a.** | Family Name (Last Name) | Rodriguez Meza |
| **1.b.** | Given Name (First Name) | Omar |
| **1.c.** | Middle Name | N/A |

### Physical Address

| | | |
|---|---|---|
| **2.a.** | Street Number and Name | 4196 Gardner Ridge Dr. |
| **2.b.** | ☒ Apt. ☐ Ste. ☐ Flr. | Apt F |
| **2.c.** | City or Town | Gastonia |
| **2.d.** | State | NC |
| **2.e.** | ZIP Code | 28056 |
| **2.f.** | Province | N/A |
| **2.g.** | Postal Code | N/A |
| **2.h.** | Country | United States |

### Contact Information

**3.** Daytime Telephone Number (if any)

(980) 989-6156

**4.** Email Address (if any)

omarrodriguezmeza111@gmail.com

### Other Information

**5.** What is your relative's relationship to you?

Spouse

**6.** What is your relative's immigration status?

USC - United States Citizen

**7.** Relative's A-Number (if any)

▶ A- 0 6 2 9 4 6 2 0 4

**8.** Date of Birth (mm/dd/yyyy)  05/22/1980

☐ Select this box if you have additional relatives through whom you claim eligibility and use the space provided in **Part 10. Additional Information** to provide the same information as requested in **Part 5., Item Numbers 1.a. - 8.**

### Statement From Applicant (Extreme Hardship)

In the space provided below, explain the extreme hardship that your qualifying relative (or yourself if you are a VAWA self-petitioner) would experience if you are refused the immigration benefit you are seeking. For more information on extreme hardship, see Form I-601 Instructions. If you need extra space to complete your statement, use the space provided in **Part 10. Additional Information** or attach a separate letter. Indicate in **Item Number 9.** if you are attaching a separate letter. The letter must be submitted at the same time as your Form I-601 application.

**9.** Applicant's husband, a U.S. citizen, would experience emotional, financial, psychological hardship if Applicant has to return to Mexico. In addition, he would experience violence and poverty in Mexico.

## Part 6. Information About Your Other Relatives With Ties to the United States

Provide information for any other U.S. citizen, lawful permanent resident, or any other family members you would like considered in deciding your case. In the space provided in **Item Number 9.**, include a statement explaining why you believe your application should be approved as a matter of discretion, with the favorable factors outweighing the unfavorable factors in your case.

### Relative's Full Name

| | | |
|---|---|---|
| **1.a.** | Family Name (Last Name) | N/A |
| **1.b.** | Given Name (First Name) | N/A |
| **1.c.** | Middle Name | N/A |

Case 3:26-cv-00575-MOC-DCK  Document 1-2  Filed 07/17/26  Page 80 of 85

## Part 6. Information About Your Other Relatives With Ties to the United States (continued)

### Physical Address

**2.a.** Street Number and Name

**2.b.** ☐ Apt. ☐ Ste. ☐ Flr.

**2.c.** City or Town

**2.d.** State | N/A | **2.e.** ZIP Code

**2.f.** Province

**2.g.** Postal Code

**2.h.** Country

### Contact Information

**3.** Daytime Telephone Number (if any)

**4.** Email Address (if any)

### Other Information

**5.** What is your relative's relationship to you?

**6.** What is your relative's immigration status?

**7.** Relative's A-Number (if any)

▶ A-

**8.** Date of Birth (mm/dd/yyyy)

☐ Select this box if you have any other relatives with ties to the United States and use the space provided in **Part 10. Additional Information** to provide the same information as requested in **Part 6., Item Numbers 1.a. - 8.**

### Statement From Applicant (Discretion)

In the space provided below, explain why you believe your application should be approved as a matter of discretion, with the favorable outweighing the unfavorable factors in your case. For more information on discretion, see Form I-601 Instructions. If you need extra space to complete your statement, use the space provided in **Part 10. Additional Information** or attach a separate letter. Indicate in **Item Number 9.** if you are attaching a separate letter. The letter must be submitted at the same time as your Form I-601 application.

**9.** Applicant is law abiding, hard working, loyal and morally upstanding. She is a kind and valuable part of the community and the country.

## Part 7. Applicant's Contact Information, Certification, and Signature

### Applicant's Contact Information

Provide your daytime telephone number, mobile telephone number (if any), and email address (if any).

**1.** Applicant's Daytime Telephone Number
(704) 674-1649

**2.** Applicant's Mobile Telephone Number (if any)
(704) 674-1649

**3.** Applicant's Email Address (if any)
Juanycruz8624@gmail.com

### Applicant's Certification and Signature

I certify, under penalty of perjury, that I provided or authorized all of the responses and information contained in and submitted with my application, I read and understand or, if interpreted to me in a language in which I am fluent by the interpreter listed in **Part 8.**, understood, all of the responses and information contained in, and submitted with, my application, and that all of the responses and the information is complete, true, and correct. Furthermore, I authorize the release of any information from any and all of my records that USCIS may need to determine my eligibility for an immigration request and to other entities and persons where necessary for the administration and enforcement of U.S. immigration law.

**4.a.** Applicant's Signature (sign in ink)

➡ Juana- Cruz. Santiago.

**4.b.** Date of Signature (mm/dd/yyyy) | 11. 22. 2025.

Case 3.26-cv-00575-MOC-DCK   Document 1-2   Filed 07/17/26   Page 81 of 85

## Part 8. Interpreter's Contact Information, Certification, and Signature

### Interpreter's Full Name

1.a. Interpreter's Family Name (Last Name)

Yepes-Garcia

1.b. Interpreter's Given Name (First Name)

Sulema

2. Interpreter's Business or Organization Name

Sussman Law Firm, PLLC

### Interpreter's Contact Information

3. Interpreter's Daytime Telephone Number

(980)-598-8180

4. Interpreter's Mobile Telephone Number (if any)

N/A

5. Interpreter's Email Address (if any)

sulema@sussmanlawfirmpllc.com

### Interpreter's Certification and Signature

I certify, under penalty of perjury, that I am fluent in English

and Spanish ,
and I have interpreted every question on the application and Instructions and interpreted the applicant's answers to the questions in that language, and the applicant informed me that he or she understood every instruction, question, and answer on the application.

6.a. Interpreter's Signature

6.b. Date of Signature (mm/dd/yyyy)   11/26/25

## Part 9. Contact Information, Declaration, and Signature of the Person Preparing this Application, if Other Than the Applicant

### Preparer's Full Name

1.a. Preparer's Family Name (Last Name)

Ballard

1.b. Preparer's Given Name (First Name)

Ian

2. Preparer's Business or Organization Name

Sussman Law Firm, PLLC

### Preparer's Contact Information

3. Preparer's Daytime Telephone Number

9802961516

4. Preparer's Mobile Telephone Number (if any)

N/A

5. Preparer's Email Address (if any)

ian@sussmanlawfirmpllc.com

### Preparer's Certification and Signature

I certify, under penalty of perjury, that I prepared this application for the applicant at his or her request and with express consent and that all of the responses and information contained in and submitted with the application is complete, true, and correct and reflects only information provided by the applicant. The applicant reviewed the responses and information and informed me that he or she understands the responses and information in or submitted with the application.

6.a. Preparer's Signature (sign in ink)

6.b. Date of Signature (mm/dd/yyyy)   11/26/25

Case 3:26-cv-00575-MOC-DCK   Document 1-2   Filed 07/17/26   Page 82 of 85

## Part 10. Additional Information

If you need extra space to provide any additional information within this application, use the space below. If you need more space than what is provided, you may make copies of this page to complete and file with this application or attach a separate sheet of paper. Type or print your name and A-Number (if any) at the top of each sheet; indicate the **Page Number, Part Number, and Item Number** to which your answer refers; and sign and date each sheet.

**1.a.** Family Name (Last Name) | Cruz Santiago

**1.b.** Given Name (First Name) | Juana

**1.c.** Middle Name | N/A

**2.** A-Number (if any) ▶ A- | 2 3 3 3 2 7 7 1 0

| **3.a.** Page Number | **3.b.** Part Number | **3.c.** Item Number |
|---|---|---|
| N/A | N/A | N/A |

**3.d.**
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A

| **4.a.** Page Number | **4.b.** Part Number | **4.c.** Item Number |
|---|---|---|
| N/A | N/A | N/A |

**4.d.**
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A

| **5.a.** Page Number | **5.b.** Part Number | **5.c.** Item Number |
|---|---|---|
| N/A | N/A | N/A |

**5.d.**
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A

| **6.a.** Page Number | **6.b.** Part Number | **6.c.** Item Number |
|---|---|---|
| N/A | N/A | N/A |

**6.d.**
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A
N/A

Case 3:26-cv-00575-MOC-DCK   Document 1-2   Filed 07/17/26   Page 83 of 85

## Part 11. Statement for Applicants With a Class A Tuberculosis Condition (As Defined By HHS Regulations)

To be completed for applicants with a Class A Tuberculosis Condition (as defined by HHS Regulations).

### Statement by Applicant

Upon admission to the United States, I will go directly to the health department named in the section below; present all X-rays used in the visa medical examination to substantiate diagnosis; submit to such examinations, treatment, isolation, and medical regimen as may be required; and remain under the prescribed treatment or observation, whether on an inpatient or outpatient basis, until discharged.

**1.a.** Signature of Applicant (sign in ink)

**1.b.** Date of Signature (mm/dd/yyyy)

### Statement by Local (City or County) Health Department

**NOTE:** The physician at the local health department in the area where the alien plans to reside should complete this statement.

I agree to supply any treatment or observation necessary for the proper management and continued care of the alien's tuberculosis condition.

Within 30 days of the alien reporting for care, I agree to submit a summary of my initial evaluation of the alien's condition, indicate presumptive diagnosis, and provide test results and plans for future care of the alien to the State Health Department Official named in the **Endorsement of State Health Department Official** section and to the **Division of Global Migration and Quarantine (E03), Centers for Disease Control and Prevention (CDC), Atlanta, Georgia 30333.**

I also agree to report the alien if the alien has not reported within 30 days after receiving notice from the Division of Global Migration and Quarantine, CDC.

Satisfactory financial arrangements have been made. (This statement does not relieve the alien from submitting evidence, as required by a U.S. Consulate, to establish that the alien is not likely to become a public charge.)

I represent (select the appropriate box and give the complete name, address, certification, and contact information of the health department):

**2.a.** ☐ City Health Department

**2.b.** ☐ County Health Department

**3.** Name of Health Department

N/A

### Physical Address

**4.a.** Street Number and Name  N/A

**4.b.** ☐ Apt. ☐ Ste. ☐ Flr.  N/A

**4.c.** City or Town  N/A

**4.d.** State  N/A   **4.e.** ZIP Code  N/A

### Physician's Certification

**5.a.** Signature of Physician (sign in ink)

**5.b.** Date of Signature (mm/dd/yyyy)

**5.c.** Physician's Family Name (Last Name)

N/A

**5.d.** Physician's Given Name (First Name)

N/A

### Physician's Contact Information

**6.** Daytime Telephone Number

N/A

**7.** Email Address (if any)

N/A

### Arrangement for Medical Care by the Applicant or His or Her Sponsor

Arrange for medical care (of the applicant) and have the appropriate health departments complete **Statement by Local (City or County) Health Department** and **Endorsement of State Health Department Official** sections.

**Provide the following information:**

Address where you (the sponsor) or the applicant plan to reside in the United States:

**8.a.** Street Number and Name  N/A

**8.b.** ☐ Apt. ☐ Ste. ☐ Flr.  N/A

**8.c.** City or Town  N/A

**8.d.** State  N/A   **8.e.** ZIP Code  N/A

Case 3:26-cv-00575-MOC-DCK   Document 1-2   Filed 07/17/26   Page 84 of 85

## Part 11. Statement for Applicants With a Class A Tuberculosis Condition (As Defined By HHS Regulations) (continued)

### *Endorsement of State Health Department Official*

**NOTE:** The State Health Department Official in the area where the applicant plans to reside should complete this statement.

Endorsement signifies recognition of the local health department that completed the **Statement by Local (City or County) Health Department** section for the purpose of providing care and treatment of the applicant's tuberculosis condition, and that the local health department is within your jurisdiction. Endorsement also signifies recognition that the applicant will be residing within your state's health jurisdiction.

**Endorsed by:**

**9.a.** Signature of State Health Department Official (sign in ink)

**9.b.** Date of Signature (mm/dd/yyyy)

**10.** Name of State Health Department

N/A

### *Physical Address*

**11.a.** Street Number and Name

N/A

**11.b.** ☐ Apt. ☐ Ste. ☐ Flr.  N/A

**11.c.** City or Town  N/A

**11.d.** State  N/A  **11.e.** ZIP Code  N/A

### *Contact Information*

**12.** Daytime Telephone Number

N/A

**13.** Email Address (if any)

N/A

**NOTE to the Applicant and his or her Sponsor:** If you need assistance, contact USCIS at the National Customer Service Center at **1-800-375-5283**. You may also schedule an appointment online at **www.uscis.gov**. Select "Schedule an Appointment" and follow the screen prompts to set up your appointment. Once you finish scheduling an appointment, the system will generate an appointment notice for you.

**NOTE to the Applicant:** If you are approved for a waiver and after admission to the United States, you fail to comply with the terms, conditions, and controls that were imposed with the grant of the waiver, you may be subject to removal under INA section 237(a).

Case 3:26-cv-00575-MOC-DCK  Document 1-2  Filed 07/17/26  Page 85 of 85